Anna **KENDRICK, individually and on behalf of all others similarly situated, Plaintiff–Appellant Cross–Appellee,**

v.

**JEFFERSON COUNTY BOARD OF EDUCATION, Defendant–Appellee Cross–Appellant.**

**No. 90–7425.**

United States Court of Appeals, Eleventh Circuit.

June 6, 1991.

Ann K. Norton, Robert L. Wiggins, Jr., Gordon, Silberman, Wiggins & Childs, P.C., Birmingham, Ala., for plaintiff-appellant cross-appellee.

Carl E. Johnson, Jr., Bishop, Colvin & Johnson, North Birmingham, Ala., for defendant-appellee cross-appellant.

Before HATCHETT and ANDERSON, Circuit Judges, and LIVELY *, Senior Circuit Judge.

HATCHETT, Circuit Judge.

In this wrongful termination case, we affirm the district court's grant of summary judgment in favor of the employee and denial of class certification. We reverse the district court's grant of eleventh amendment immunity to the school board and remand for a hearing on damages.

## FACTS

The Jefferson County Board of Education (board), in Alabama, employed Anna Kendrick as a cafeteria worker at Erwin High School beginning September 4, 1984. She was a nonclassified nonteacher employee covered by the Fair Dismissal Act, Alabama Code § 36–26–100 to –108 (Michie Supp.1990). The board terminated Kendrick May 14, 1985, without the notice of termination or access to a post-termination hearing which the Fair Dismissal Act requires be provided to nonprobationary employees. The board terminated Kendrick by using the termination process for a probationary employee.

## PROCEDURAL HISTORY

In August, 1988, Kendrick filed this lawsuit on her behalf and on behalf of others similarly situated, alleging violations of 42 U.S.C. § 1983, the fourteenth amendment to the United States Constitution, and the Fair Dismissal Act. One month later, the district court entered a scheduling order which required that discovery relating to the class action merits be completed by February 7, 1989.

In mid–1989, both parties moved for summary judgment. The district court denied the board's motion for summary judgment, but granted Kendrick's motion for summary judgment. The district court ordered the board to reinstate Kendrick, denied her request for back pay, and dismissed the class action claim without prejudice as to members of the class who might later seek to litigate similar claims individually. The district court denied the board's motion to set aside the judgment and ruled that the board had waived its statute of limitations defense concerning the section 1983 claim.

## CONTENTIONS

The board contends that Kendrick was a probationary employee at the time of her dismissal, and that regardless of her employment status, Kendrick's claim is barred by the applicable statute of limitations. The board also contends that the district court properly refused to award Kendrick back pay, and properly refused to grant class certification.

Kendrick contends that she was a nonprobationary employee at the time of termination and that her claim is not barred by the statute of limitations. Kendrick also contends that the district court erred in denying her back pay and erred in denying class certification.

## ISSUES

The issues are: (1) whether the district court erred in finding that Kendrick was a nonprobationary employee entitled to notice before dismissal and a post-termination hearing; (2) whether the district court erred in holding that the board waived the statute of limitations defense; (3) whether the district court erred in denying Kendrick

---

* Honorable Pierce Lively, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

back pay; and (4) whether the district court erred in denying class certification.

## DISCUSSION

### I. The Applicable Probationary Period

■ At the time of Kendrick's dismissal, two probationary provisions existed. The first is the Fair Dismissal Act, enacted in 1983, which states the time limit for probation of covered employees as "a period not to exceed three years from the date of his or her initial employment, or a lesser period which may be fixed by the employing authority." Ala.Code § 36–26–101(a) (Michie Supp.1990).[1] The second provision is the board's Policy 637, "Classified Employee Assessments and Evaluations," which states "[c]lassified employees serving a three months probationary period shall be assessed at some point approximately midway of the probation and evaluated just prior to the end of the probation." The implementation and use of Policy 637 predates and was last revised three years before the passage of the Fair Dismissal Act.

If the three-year statutory period of the Fair Dismissal Act applies, Kendrick was a probationary employee when the board terminated her, and she was not eligible for notice before dismissal or for a post-termination hearing. If Policy 637's three-month period applies, Kendrick was entitled to receive notice before termination and a post-termination hearing.

The district court ruled that Kendrick was a nonprobationary employee at the time of termination. The district court reasoned that the board's failure to amend Policy 637 after the enactment of the Fair Dismissal Act evidenced the board's intention to continue the three-month probationary period. After finding the three-month probationary period of Policy 637 to be the applicable period, the district court granted Kendrick's motion for summary judgment.

The standard of review of a district court's grant of summary judgment is plenary. *Hoffman v. Allied Corp.*, 912 F.2d

1379, 1383 (11th Cir.1990). We draw all justifiable inferences from the evidence in favor of the nonmoving party, and if a genuine dispute over a material fact exists, summary judgment must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255, 106 S.Ct. 2505, 2510, 2513–14, 91 L.Ed.2d 202 (1986).

■ The board argues that the district court erroneously presumed that "probation" in the employment context can mean only one thing, that completion of a period of probationary employment necessarily invests the employee with permanent or tenured status. According to the board, the term "probation" or "probationary" differs according to context, and a probationary period for purposes of frequency of evaluation under Policy 637 does not equate with the length of service required for purposes of tenure acquisition under the Fair Dismissal Act. Yet, Policy 637's reference to probationary employment in the context of a paragraph pertaining to the frequency of evaluation is precisely the context in which it is used in the Fair Dismissal Act. *See* Ala.Code § 36–26–101 (Michie Supp.1990). Although Policy 637 predates the Fair Dismissal Act, the statute does not require, as the board contends it does, a knowing, affirmative act by the board subsequent to the passage of the statute for the board to fix a probationary period shorter than the three-year period.

The board also argues that the affidavit of Eugenia McGill, the board's Director of Employee Relations, creates a genuine issue of material fact as to whether the board intended Policy 637 to shorten the statutory three-year probationary period. In the affidavit, McGill states that the board did not intend Policy 637's three-month probationary period to determine when the procedural protections of the Fair Dismissal Act apply. McGill, however, is neither a board member, nor the county superintendent of education through whom the board "consults and advises employees and citizens." Board Policy 133. A review

---

**1.** The Fair Dismissal Act covers full-time employees of the county and city boards of education who are not otherwise covered by the state merit system, the teacher tenure law, or other state statute. Ala.Code § 36–26–100 (Michie Supp.1990).

of the board's policies does not support McGill's assertion that as a personnel administrator and legal advisor to the board, she effectively acted as the superintendent's designee and as the board's legal representative on matters relating to the interpretation of the board's personnel policies.

We conclude that the district court correctly ruled that the three-month probationary period established by Policy 637 shortened the three-year probationary period otherwise established by the Fair Dismissal Act. Consequently, the district court properly granted Kendrick summary judgment.

## II. Statute of Limitations

■ The board terminated Kendrick on May 14, 1985, and denied her a hearing concerning the matter on June 7, 1985. On August 5, 1988, Kendrick filed her complaint alleging a violation of 42 U.S.C. § 1983.[2] At that time, this circuit's precedent had established a six-year statute of limitations for section 1983 claims in Alabama. *Jones v. Preuit & Mauldin,* 763 F.2d 1250 (11th Cir.1985), *cert. denied,* 474 U.S. 1105, 106 S.Ct. 893, 88 L.Ed.2d 926 (1986). In 1989, the Supreme Court's decision in *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), established a two-year statute of limitations period in Alabama for section 1983 actions. *Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1483 (11th Cir.1989) (en banc).

The board first explicitly contended that the two-year statute applies retroactively to bar Kendrick's claim in its May 30, 1989, motion for summary judgment. The district court held that the board waived the statute of limitations issue concerning the section 1983 claim because the defense had not been raised in the board's pretrial order position statement prepared for the January 31, 1989, pretrial conference. *See Miles v. Tennessee River Pulp and Paper Co.,* 862 F.2d 1525, 1529 (11th Cir.1989). We review the district court's decision for abuse of discretion. *Lexington Ins. Co. v. Cooke's Seafood,* 835 F.2d 1364, 1369 (11th Cir.1988).

The board argues that it was unaware of the *Owens* decision at the time of the pretrial conference. Nevertheless, the board should have known of the issue of a two-year limitations period because the Supreme Court granted *certiorari* in *Owens* in March, 1988, and decided *Owens* three weeks before the pretrial conference in this case. The district court did not abuse its discretion. Moreover, applying the test for retroactivity announced in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971), we conclude that *Owens* should not be applied retroactively in this case to create a shorter limitations period which would bar Kendrick's claim. *Kimbrough v. Bowman Transp., Inc.,* 920 F.2d 1578, 1582–83 (11th Cir.), *vacated on other grounds on reh'g,* 929 F.2d 599 (1991).

## III. Back Pay Relief

After concluding that Kendrick was entitled to judgment as a matter of law, the district court stated that "[b]ack pay is not available from a school board because its funds are considered state funds." The eleventh amendment prohibits the recovery of damages when the damages are to be paid from state funds.[3] *Carr v. City of*

---

**2.** Title 42 U.S.C.A. § 1983 provides in part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
(West 1981).

**3.** The eleventh amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
U.S. Const.
Although its express language does not so indicate, the eleventh amendment also provides immunity to unconsenting states from lawsuits brought in federal courts by the states' own citizens. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974).

*Florence,* 916 F.2d 1521, 1526 (11th Cir. 1990). Whether the board is protected by eleventh amendment immunity depends on "whether the board is properly classified as an 'arm of the State' or as a 'municipal corporation or other political subdivision.'" *Stewart v. Baldwin County Bd. of Educ.,* 908 F.2d 1499, 1509 (11th Cir.1990) (quoting *Mt. Healthy Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471 (1977)). We independently review the district court's determination of the applicability of eleventh amendment immunity. *See Schopler v. Bliss,* 903 F.2d 1373, 1378–80 (11th Cir.1990).

 Subsequent to the district court's ruling, we held in *Stewart* that county boards of education in Alabama are not entitled to eleventh amendment immunity. 908 F.2d at 1511. Thus, the eleventh amendment cannot serve as the basis for denying Kendrick back pay. On appeal, the board has raised other arguments to support the denial of an award of back pay. These arguments were not presented to the district court, and we decline to consider them. *McGinnis v. Ingram Equipment Co.,* 918 F.2d 1491, 1495 (11th Cir.1990) (en banc).

IV. Class Certification

 In the complaint, Kendrick asserts a class claim on behalf of others similarly situated. In September, 1988, the district court entered a scheduling order pursuant to Federal Rule of Civil Procedure 16 expressly governing the "class action merits" of the lawsuit, and directed that discovery relating to this issue be completed by February 7, 1989, "the last day on which a motion could be made for the joinder of additional parties, the amendment of pleadings, or the filing of other motions, without leave of Court." [4] The record reveals that during the fifteen months from the filing of the lawsuit until the granting of Kendrick's summary judgment motion, the only

action Kendrick took regarding the class action consisted of propounding an interrogatory seeking information concerning "every person" who had been terminated by the board without notice or hearing over a specified six-year period. We review the denial of class certification under an abuse of discretion standard. *Walker v. Jim Dandy Co.,* 747 F.2d 1360, 1363 (11th Cir. 1984). The district court denied class certification and dismissed it "for want of prosecution." Kendrick argues that the district court's denial of class certification was based on the erroneous belief that Kendrick was required to move for class certification, and failure to do so warranted the denial. We find and hold that the district court dismissed the class action claim for want of prosecution. Consequently, it did not abuse its discretion.

## CONCLUSION

We affirm the district court's grant of summary judgment for Kendrick, its ruling regarding the statute of limitations, and its denial of class certification. We reverse the district court's grant of eleventh amendment immunity to the board, and its denial of back pay to Kendrick. We remand to allow the district court to consider the merits of Kendrick's claim for damages.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

**4.** This language is quoted from appellee's brief. The district court's order from which it is pre- sumably taken is record document number 5, which is not included in the record on appeal.