**Debra L. MITCHELL, Plaintiff–Appellant,**

v.

**HUMANA HOSPITAL–SHOALS, Defendant–Appellee.**

No. 90–7796.

United States Court of Appeals, Eleventh Circuit.

Sept. 30, 1991.

Frank McRight, Lanier, Ford, Shaver & Payne, PC, Huntsville, Ala., for defendant-appellee.

Before ANDERSON and DUBINA, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Debra L. Mitchell ("Mitchell") resigned her position as a medical technologist with Humana Hospital–Shoals ("Humana") in January 1989. She claims she was constructively discharged in retaliation for her filing with the Equal Employment Opportunity Commission ("EEOC") a Title VII claim that alleged sex discrimination in Humana's dress code. The District Court granted Humana partial summary judgment on Mitchell's retaliatory discharge claim, concluding that the decision of an Alabama state court denying Mitchell unemployment compensation establishes as a matter of law that Mitchell did not have just cause to resign her position. Because we are uncertain what issues the Alabama trial court actually decided in the unemployment compensation proceeding, we reverse.

■■■ The question before us is one of collateral estoppel, also known as issue preclusion.[1] A federal court in a Title VII

John B. Baugh, Florence, Ala., for plaintiff-appellant.

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. The District Court based its judgment in the alternative on principles of res judicata or claim preclusion, but res judicata has no bearing upon this case. "The traditional res judicata case (frequently referred to as a 'claim preclusion' case) involves prior litigation between a plaintiff and a defendant, which is decided on the merits by a court of competent jurisdiction, and then a subsequent attempt by the prior plaintiff or defendant to relitigate the same cause of action against the same defendant or plaintiff, or perhaps to relitigate a different cause of action not previously litigated but which arises out of the same evidence.... [I]f the defendant won, the plaintiff is barred from relitigating any matter *that could have been litigated* in the prior action." *McCorkle v. McElwey*, 576 So.2d 202, 205 (Ala.1991) (emphasis added); *see also Carlisle v. Phenix City Bd. of Educ.*, 849 F.2d 1376,

1381 (11th Cir.1988). An Alabama trial court deciding an unemployment compensation case could not have decided Mitchell's Title VII claim. *See Davis v. Department of Indus. Relations*, 465 So.2d 1140, 1142 (Ala.Civ.App.1984) (evidence of an EEOC filing was irrelevant in an unemployment benefits case because the EEOC "proceeding appears to have had no direct relation to unemployment compensation benefits."). Because Mitchell's current claim could not have been brought in the earlier state court trial, res judicata has no application in this case. *Cf. Copeland Constr. Co. v. All Phase–Elec. Wholesalers, Inc.*, 378 So.2d 230, 232 (Ala.Civ.App. 1979) (Earlier suit on a debt was not res judicata in a subsequent suit seeking a materialman's lien for the non-payment of the same debt because the materialman's lien suit could not have been litigated in the prior suit.), *writ den.*, 378 So.2d 233 (Ala.1979), *overruled on other grounds, Ex parte Grubbs*, 571 So.2d 1119 (Ala. 1990).

case is to accord a prior state court judgment the same preclusive effect as would courts of the state issuing the judgment. *Astoria Fed. Savings & Loan Assoc. v. Solimino,* —— U.S. ——, ——, 111 S.Ct. 2166, 2168, 115 L.Ed.2d 96 (1991); *Carlisle,* 849 F.2d at 1382. We thus turn to Alabama preclusion law to answer the question whether Mitchell's unemployment benefits case precludes her retaliatory discharge claim. Our review of the District Court's grant of summary judgment is plenary. *Kendrick v. Jefferson County Bd. of Educ.,* 932 F.2d 910, 912 (11th Cir.1991).

■ Collateral estoppel operates to prevent the relitigation of issues already decided in an earlier case. Alabama requires four elements before resolution of an issue in a subsequent suit will be precluded by an earlier judgment: 1. The party claiming the benefit of the prior judgment is one who would have been prejudiced by a contrary decision in the earlier case. 2. The party sought to be estopped was either a party or in privity with a party to the earlier case. 3. The latter suit must have involved an issue identical to one actually litigated and decided in the earlier case. 4. Resolution of the identical issue must have been necessary to the earlier judgment. *Christian Television Corp. v. RCH Broadcasting, Inc.,* 554 So.2d 989, 992 (Ala.1989); *Constantine v. U.S. Fidelity & Guar. Co., Inc.,* 545 So.2d 750, 755–56 (Ala.1989); *Carlisle,* 849 F.2d at 1378–79.

■ The District Court concluded that the Alabama trial court found Mitchell did not have just cause to resign. In Alabama, an employee who resigns without good cause is disqualified from receiving unem-

ployment benefits. *See* Ala.Code § 25–4–78(2). The test for determining good cause is whether the resigning employee's decision to quit was reasonable when measured against what the average or normal worker would have done. *Hadley v. Director of Dept. of Indus. Relations,* 473 So.2d 519, 520 (Ala.Civ.App.1985). The Eleventh Circuit test for deciding whether an employee has been constructively discharged in a Title VII dispute is whether the "working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Bourque v. Powell Elec. Mfg. Co.,* 617 F.2d 61, 65 (5th Cir.1980); *Castle v. Sangamo Weston, Inc.,* 837 F.2d 1550, 1559 (11th Cir.1988). The District Court reasoned that these two tests are identical and concluded that Mitchell is precluded from relitigating whether a reasonable person would have felt compelled to quit.

■ The reason for the state court's denial of unemployment benefits is not so clear, however. The Alabama court entered a general order denying benefits without giving reasons in support and without making findings of fact. Mitchell contends that the state court could have denied her benefits because she had been unavailable for work since her resignation and had not made efforts to secure substitute employment. Alabama unemployment law provides that a claimant who has been unavailable for work since termination is not entitled to unemployment benefits. *See* Ala.Code § 25–4–77(a)(3); *Heatherly v. Campbell,* 485 So.2d 735, 736–37 (Ala.Civ. App.1986).[2] Mitchell argues that because

---

2. The test for whether an employee is available for work significantly differs from this Circuit's test for whether a plaintiff in a Title VII case has mitigated her damages. For example, one of the reasons Mitchell gave for not applying with a particular employer was that the employer in question only had positions available on the night shift. *See* Transcript of Proceedings, Vol. 1, R–35. If true, Mitchell was entitled to refuse this position without jeopardizing any future Title VII recovery because Title VII obligates her only to seek *substantially equivalent employment,* which means "virtually identical promotional opportunities, compensation, job responsibilities, *working conditions,* and status

to those available to employees holding the position from which the Title VII claimant has been discriminatorily terminated." *Weaver v. Casa Gallardo, Inc.,* 922 F.2d 1515, 1527 (11th Cir. 1991) (emphasis added); *Sellers v. Delgado Community College,* 839 F.2d 1132, 1137–38 (11th Cir.1988). Because she was not working the night shift with Humana, she had no duty to take a night job with someone else. However, Alabama unemployment benefits law would require Mitchell to make herself available for any job for which she is qualified, with little regard for the promotional opportunities, compensation, working conditions, and status she enjoyed

we cannot be certain what was litigated and decided in her unemployment benefits case, issue preclusion cannot operate. *See Fisher v. Space of Pensacola, Inc.,* 461 So.2d 790, 793 (Ala.1984) (When it is not clear from a general verdict what issues were decided, collateral estoppel does not apply.); *Amoco Prod. Co. v. White,* 453 So.2d 358, 360 (Ala.1984) (same). Humana responds that the only issue before the Alabama court upon which the court could have based its decision was whether Mitchell had just cause to resign.

A review of the transcript of proceedings before the state court reveals Mitchell is correct. In his opening remarks before hearing any evidence, Judge Suttle described the issues in the case: "It's not in dispute that she quit her job, but whether she had good cause, or not, *whether she's been able and available for work since that time.* Transcript of Proceedings Before Judge Suttle, Vol. 1, R–2 (emphasis added). Humana then presented substantial evidence bearing upon whether Mitchell had been available for work. Mitchell had been unemployed for over a year (*Id.* at 3 and 21), her efforts at procuring employment had not been significantly exhausting (*Id.* at 34–41), Mitchell had been taking

graduate level courses towards a Master's Degree in education since her resignation (*Id.* at 41–46), and qualified medical technicians such as Mitchell were in short supply in the area (*Id.* at 36; Transcript of Proceedings, Vol. 2, R–4). Humana even presented a theory that Mitchell had contrived the entire Title VII case so that she could quit her job to devote more time to her studies (*Id.* at 33).

The failure to be available for work was an issue before the Alabama court, and resolution of this issue against Mitchell would necessarily have resulted in the denial of benefits. Because the state court did not specify the reasons for its decision, we cannot be certain if the court actually decided whether Mitchell had just cause to resign. Collateral estoppel does not preclude the current suit. The judgment of the District Court is

REVERSED and REMANDED.

---

with Humana. *See Heatherly,* 485 So.2d at 736–37; *Department of Indus. Relations v. Stone,* 367 So.2d 506, 507 (Ala.Civ.App.1979) ("'Availability' under the statute is not necessarily related at all to a readiness to return to the employment she left, but rather applies to a willingness and ability to seek and accept any employment for which she may be qualified."); *Department of*

*Indus. Relations v. Harbin,* 365 So.2d 313, 314–15 (Ala.Civ.App.1978) (Claimant who refused jobs because they would pay less than union wages and would result in a forfeiture of union rights he enjoyed with his former employer was not "available" for work); Ala.Code § 25–4–78(5).