Lance LUFKIN, Plaintiff–Appellant,

v.

Charles A. McCALLUM, individually and as President of the University of Alabama in Birmingham; J.A. Woodward, individually and as Senior Vice President of the University of Alabama in Birmingham; Blaine A. Brownell, individually and as Dean of the School of Social and Behavioral Sciences of the University of Alabama in Birmingham; John Hamer, individually and as Chairman of the Department of Anthropology of the University of Alabama in Birmingham, Defendants–Appellees.

No. 90–7861.

United States Court of Appeals,
Eleventh Circuit.

March 31, 1992.

Thomas W. Bowron, II, Polson, Jones, Bowron & Robbins, Birmingham, Ala., for plaintiff-appellant.

Ina B. Leonard, Office of Counsel, The University of Alabama System, Cindy Stone Waid, Birmingham, Ala., for defendants-appellees.

Before KRAVITCH, Circuit Judge, GODBOLD and JOHNSON *, Senior Circuit Judges.

JOHNSON, Senior Circuit Judge:

Lance Lufkin appeals the district court's dismissal of his section 1983 suit, 752 F.Supp. 421, as untimely. We affirm.

## I.  STATEMENT OF THE CASE

From 1984 to 1987, the University of Alabama at Birmingham (UAB) employed appellant Lufkin as a temporary lecturer. On May 27, 1987, Lufkin received notice that UAB did not intend to renew his teaching contract. Lufkin believed that UAB's nonrenewal of his contract constituted a violation of his property rights under the due process clause of the Fourteenth Amendment. Lufkin consulted with an attorney who advised him that the statute of limitations applicable to his potential section 1983 action was six years. The attorney's legal advice conformed to the then-existing rule regarding the appropriate statute of limitations for section 1983 actions brought in Alabama, which was established two years earlier in *Jones v. Preuit & Mauldin*, 763 F.2d 1250 (11th Cir.1985), *cert. denied*, 474 U.S. 1105, 106 S.Ct. 893, 88 L.Ed.2d 926 (1986) (*Jones I*).[1]

■ On January 10, 1989, the Supreme Court handed down its decision in *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In *Owens*, the Supreme Court rejected the *Jones I* approach to the selection of the proper statute of limitations for section 1983 suits and held that the proper statute of limitations for section 1983 actions is the forum state's general or residual statute of limitations for personal injury actions. *Owens*, 488 U.S. at 236, 249–50, 109 S.Ct. at 574, 581–82. Shortly thereafter, on February 21, 1989, the Supreme Court vacated the deci-

sion of this Court in Jones' second appeal to this Court (which had arisen after the remand ordered in *Jones I*). *Jones v. Preuit & Mauldin*, 489 U.S. 1002, 109 S.Ct. 1105, 103 L.Ed.2d 170 (1989). *See Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir.1988) (en banc); *see also Jones II*, 876 F.2d at 1481–82 (setting forth the procedural history of the *Jones* case). The Supreme Court remanded *Jones* to the Eleventh Circuit with directions to reconsider the decision in light of *Owens*. *Jones*, 489 U.S. at 1002, 109 S.Ct. at 1105. On remand, this Court affirmed the district court's grant of summary judgment for the defendants. *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483–85 (11th Cir.1989) (en banc) (*Jones II*). The *Jones II* Court rested its holding on the ground that Jones' claim was untimely, ruling that *Owens* precluded the use of the six year statute of limitations provided for a trespass to person or liberty in section 1983 suits brought in Alabama. *Id.* at 1482–83, 1485.

On September 20, 1990, more than three years after the date of the adverse employment decision giving rise to his claim, Lufkin filed a section 1983 action against the appellees, all of whom are present or former UAB officials. Relying on *Owens* and *Jones II*, the appellees asserted a statute of limitations defense, claiming that the applicable limitations period for Lufkin's section 1983 action was two years.[2] Based on their statute of limitations argument, the appellees filed a motion for dismissal of Lufkin's suit. The district court found that the two year statute of limitations applied to Lufkin's section 1983 suit and that, as a consequence, his suit was untimely. The lower court concluded that Lufkin could not claim the benefit of the six year statute of limitations established in *Jones I* because of the intervening decisions rendered in *Owens* and *Jones II*. The lower court

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

1. In *Jones I,* this Court determined that the statute of limitations period provided under Alabama law for a trespass to persons should apply to section 1983 actions brought in Alabama. *Jones I,* 763 F.2d at 1256; Ala.Code § 6–2–34(1) (1977). In reaching this conclusion, the *Jones I* Court declined to adopt Alabama's general per-

sonal injury statute of limitations. *Id.* at 1254 & 1254 n. 3.

2. Alabama's general statute of limitations for personal injury actions is two years. Ala.Code Ann. § 6–2–38(*l*) (Michie Supp.1989). *See Owens*, 488 U.S. at 248 & 248 n. 9, 109 S.Ct. at 580 & 580 n. 9; *Jones II*, 876 F.2d at 1483–85.

therefore granted the appellees' motion for dismissal. Fed.R.Civ.P. 12(b)(6).

## II. ISSUE PRESENTED

This case presents the question of whether the holding in *Owens* should be applied retroactively to bar suits that were timely filed under the statute of limitations established in *Jones I.* Because the Supreme Court's most recent pronouncement on retroactivity dictates that *Owens* be given full retroactive effect, we hold that the lower court properly dismissed Lufkin's suit as untimely. *See James B. Beam Distilling Co. v. Georgia,* — U.S. —, 111 S.Ct. 2439, 2445–48, 115 L.Ed.2d 481 (1991).

## III. ANALYSIS

In *Owens v. Okure,* the Supreme Court held that in section 1983 suits the federal courts are to borrow the "general" or "residual" statute of limitations for personal injuries provided under the law of the state where the court hearing the case sits. *Owens v. Okure,* 488 U.S. 235, 236, 249–50, 109 S.Ct. 573, 574, 580–81, 102 L.Ed.2d 594 (1989). *See* 42 U.S.C.A. § 1988 (1981). In the instant case, that period is two years. *See supra* note 2. The only question before this Court is whether Lufkin's reliance on the six year statute of limitations established in *Jones I* justifies limiting the retroactive application of the two year statute of limitations mandated by *Owens* and explicitly established in *Jones II.*

We begin our analysis of the question before us with the observation that "[j]udicial decisions presumptively apply retroactively to all pending cases." *Foster v. Board of School Comm'rs of Mobile County,* 872 F.2d 1563, 1566 (11th Cir. 1989). Thus, the general rule favors giving new decisions full retroactive effect. Until recently the federal courts had the authority to limit selectively the retroactive effect of new decisions. *See Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–09, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971). However, the Supreme Court revisited the issue of retroactivity during its last term and substantially revised its retroactivity jurisprudence. *See James B. Beam Distilling Co. v. Georgia,* — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) (*Beam* ). The application of *Beam* to *Owens* provides the central issue in this appeal.

Prior to *Beam,* the law of this Circuit clearly supported giving *Owens* only limited retroactive application.[3] *See Kendrick v. Jefferson County Bd. of Education,* 932 F.2d 910, 913 (11th Cir.1991) (holding that the application of the *Chevron Oil* three part test mitigated against the retroactive application of *Owens* to parties that relied on the six year statute of limitations established in *Jones I* ); *Kimbrough v. Bowman Transp., Inc.,* 920 F.2d 1578, 1582–83 (11th Cir.) (same), *vacated on other grounds,* 929 F.2d 599 (11th Cir.1991).[4] Thus, this Court recognized that would-be section 1983 plaintiffs had placed legitimate reliance on *Jones I* and also that it would be unfair to hold such plaintiffs' suits barred based on the retroactive application of *Owens.* Because the suits at issue in *McKissick, Kendrick* and *Kimbrough* were timely under the statute of limitations in effect when the suits arose, this Court concluded that *Chevron Oil* justified limiting the retroactive effect of *Owens.* *McKissick,* 936 F.2d at 522; *Kendrick,* 932 F.2d at 913; *Kimbrough,* 920 F.2d at 1582–83. Moreover, this approach to the issue of the retroactive application of *Owens* comported with Supreme Court precedents cautioning against the retroactive application of shortened statutes of limitations when the retroactive application of a shortened statute of limitations would create a time bar to a suit that was timely under the previously applicable statute of limitations. *Chevron Oil,* 404 U.S. at 107–09, 92 S.Ct. at 355–56; *Saint Francis College v. Al–Khazraji,* 481 U.S. 604, 608–09, 107 S.Ct. 2022, 2025–26, 95 L.Ed.2d 582 (1987). *Cf. Goodman v. Lukens Steel Co.,* 482 U.S. 656, 662–64, 107 S.Ct. 2617, 2621–22, 96 L.Ed.2d 572 (1987). We find that *Beam* precludes this Court

---

**3.** This approach is called "modified" or "selective" prospectivity. *Beam,* 111 S.Ct. at 2444–45.

**4.** In *McKissick v. Busby,* this Court continued to rely on the *Chevron Oil* analysis to support

giving only limited retroactive effect to *Owens,* despite the fact that *Beam* had substantially revised retroactivity doctrine. *McKissick v. Busby,* 936 F.2d 520, 522 (11th Cir.1991).

from continuing the Court's prior practice of limiting the retroactive application of *Owens*.

■ In *Beam*, a majority of the Court[5] held that if a new rule is applied to the parties in the case in which the rule is announced,[6] then the rule must be applied retroactively to all cases currently pending. *Beam*, 111 S.Ct. at 2445–46. "[T]he question is whether it is error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so. We hold that it is, principles of equity and *stare decisis* here prevailing over any claim based on a *Chevron Oil* analysis." *Id.* at 2446.

Although equitable considerations would favor limiting the retroactive effect of *Owens*, the Supreme Court in *Beam* has expressly considered and rejected the use of equitable considerations as a basis for limiting the retroactive effect of a new decision (except, perhaps, in the new decision itself):[7]

> Nor, finally, are litigants to be distinguished for choice-of-law purposes on the particular equities of their claims to prospectivity: whether they actually relied on the old rule and how they would suffer from the retroactive application of the new.
>
> .    .    .    .    .
>
> [O]ur decision here does limit the possible applications of the *Chevron Oil* analysis.... Because the rejection of modified prospectivity precludes retroactive application of a new rule to some litigants when it is not applied to all others, the *Chevron Oil* test cannot determine the choice of law by relying on the equities of the particular case. Once retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application.

*Beam* 111 S.Ct. at 2447–48 (citations omitted).

Although the application of equitable principles to vindicate Lufkin's reliance on *Jones I* might well have been warranted prior to *Beam*, *see Chevron Oil*, 404 U.S. at 106–07, 92 S.Ct. at 355–56, for better or worse, such principles no longer apply to cases such as this one. *See id.* 111 S.Ct. at 2445–47; *id.* at 2450.

Under *Beam*, the dispositive question in the case before us (indeed, the sole question before us) is whether the *Owens* Court applied its new rule to the parties in the *Owens* case. *Beam*, 111 S.Ct. at 2445–46. It is obvious that the *Owens* Court did apply the new rule announced in *Owens* to the parties in the *Owens* case. *Owens*, 488 U.S. at 249–51, 109 S.Ct. at 581–82. Applying *Beam*, the *Owens* rule must be given full retroactive effect. *Beam*, 111 S.Ct. at 2445–47; *id.* at 2450.

■ In light of *Beam*, this panel declines to follow this Court's prior precedents that suggest *Owens* is not to be given full retroactive effect. *United States v. Machado*, 804 F.2d 1537, 1543 (11th Cir.1986). A panel of this Court may decline to follow a decision of a prior panel if such action is necessary in order to give full effect to an intervening decision of the Supreme Court of the United States. *Id. McKissick, Kendrick,* and *Kimbrough* all relied on the

---

**5.** Although Justice Souter's plurality opinion was joined only by Justice Stevens, *Beam*, 111 S.Ct. at 2441, two concurrences joined by Justices Blackmun, Marshall, and Scalia create a five member majority for the proposition that modified prospectivity is not permissible. *Id.* at 2449–50 (Blackmun, J., concurring); *id.* at 2450–51 (Scalia, J., concurring). Justice White also filed a concurrence that supports the proposition that a new decision may not be given partial retroactive effect. *Id.* at 2448–49. Thus, although no single opinion was joined by five members of the Court, the Court's holding is nevertheless quite clear. *See, e.g., Anixter v. Home–Stake Production Co.*, 947 F.2d 897, 899 (10th Cir.1991) (applying *Beam* ); *Welch v. Ca-*

*dre Capital*, 946 F.2d 185, 187–88 (2d Cir.1991) (same).

**6.** For purposes of applying *Beam,* we hold that *Owens* created a "new rule." *See Owens*, 488 U.S. at 239–241, 109 S.Ct. at 576–77.

**7.** Under the view held by six members of the Court, it is possible that a decision may have purely prospective application. *Beam*, 111 S.Ct. at 2448. Justice Souter's opinion expressly declined to decide the question of whether giving a decision completely prospective effect is permissible, *see id.*, although Justices Blackmun, Marshall, and Scalia reject the possibility. *See id.* at 2451 (Scalia, J., concurring).

retroactivity analysis established in *Chevron Oil*, however, in *Beam*, a majority of the Supreme Court has disallowed applying *Chevron Oil* to cases such as this one, where the new rule was applied in the same case in which it was announced. *Beam*, 111 S.Ct. at 2445–51. *See McKissick v. Busby*, 936 F.2d at 522; *Kendrick v. Jefferson County School Bd. of Education*, 932 F.2d at 913; *Kimbrough v. Bowman Transp., Inc.*, 920 F.2d at 1582–83; *see also Lampf, Pleva, Lipkind, et al. v. Gilbertson*, — U.S. —, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991) (announcing and applying a new and shorter statute of limitations to bar a claim where the plaintiffs may have relied on the previous statute of limitations) (*Lampf*). *But cf. id.* 111 S.Ct. at 2785–87 (O'Connor, J., dissenting).

█ Finally, the fact that a statute of limitations is at issue does not in any way modify the application of *Beam*. In *Lampf,* the Supreme Court modified the statute of limitations applicable to securities suits brought under section 10(b) and rule 10b–5, and chose to apply the new statute of limitations retroactively.[8] *Lampf,* 111 S.Ct. at 2781–82.[9] *See also*

*Anixter v. Home–Stake Prod. Co.*, 947 F.2d at 899; *Welch v. Cadre Capital*, 946 F.2d at 187–88. *Lampf* was decided the very same day as *Beam*, and it is inconceivable that the Court's retroactive application of the new rule announced in *Lampf* was accidental. *See Lampf,* 111 S.Ct. at 2782; *id.* at 2786–87 (O'Connor, J., dissenting). *See also Welch v. Cadre Capital*, 946 F.2d at 197–98. Thus, there is no basis to support a holding by this Court that the *Beam* retroactivity analysis does not apply with full force when a retroactive change in a statute of limitations period is at issue. Consequently, Lufkin's suit was subject to the two year statute of limitations mandated by *Owens* and confirmed by *Jones II.* Because Lufkin did not file his suit until after the applicable statute of limitations period had run, the lower court's dismissal was proper.[10]

## IV. CONCLUSION

The order of the lower court dismissing Lufkin's claim is AFFIRMED.

---

**8.** Theoretically, the *Lampf* Court could have limited the application of the revised statute of limitations to cases arising after the *Lampf* decision. *See supra*, note 7.

**9.** In dissent, Justice O'Connor noted that the Court's action effectively changed the statute of limitations without warning, and that this change was fundamentally unfair. *Id.* 111 S.Ct. at 2786–87 (O'Connor, J., dissenting).

**10.** Appellant Lufkin urges this Court to apply Alabama state law regarding the application of changes in a statute of limitations. Citing *Wilson v. Garcia*, Lufkin makes the unobjectionable observation that if it is necessary to borrow a state law statute of limitations pursuant to section 1988 of Title 42, then this Court should also borrow the state's rules regarding the application of the statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 269, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985). Appellant then urges this Court to follow Alabama law on changes in a statute of limitations. Appellant claims that under Alabama law his suit would be timely. *Henry v. Thorpe*, 14 Ala. 103 (1848). *See also United States Veterans Administration v. Walker*, 356 So.2d 631, 633–34 (Ala.1978).

On the facts of this case, however, we find that recourse to Alabama law is entirely unwarranted. Section 1988 authorizes the federal

courts to "borrow" state law to fill in any gaps in federal law when adjudicating civil rights claims. When federal law does not provide a necessary decisional principle, "the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause …" 42 U.S.C.A. § 1988 (1981). Borrowing pursuant to section 1988 occurs, however, only when federal law does not provide a necessary decisional rule. *See Wilson v. Garcia*, 471 U.S. at 268–69, 105 S.Ct. at 1943–44. "[R]esort to state law … should not be undertaken before the principles of federal law are exhausted." *Id.* at 268, 105 S.Ct. at 1943. Here, federal law provides the relevant decisional rules for the application of *Owens*. *See Beam*, 111 S.Ct. at 2445–51; *Lampf,* 111 S.Ct. at 2782. Consequently, there is no cause for resort to Alabama law regarding changes in a statute of limitations. *See Wilson v. Garcia*, 471 U.S. at 268–69, 105 S.Ct. at 1942–43. *Cf. Jones II*, 876 F.2d at 1484; *McKissick*, 936 F.2d at 521.