930

ARIAIL DRUG CO., INC., Dunlap Drug Co., Jane N. Douthit, DVM, d.b.a. Paw Prints Animal Clinic, each suing individually and on behalf of a class of similarly situated persons as herein described, Plaintiffs–Appellees,

William Larry Martin, suing individually and on behalf of a class of similarly situated persons as herein described, d.b.a. Trinity Discount Drugs, Plaintiff–Counter–Defendant–Appellee,

v.

RECOMM INTERNATIONAL DISPLAY, INC., etc., et al., Defendants,

Lease Partners Corp., Lease Partners Inc., Finova Capital Corp., Republic Leasing Co., each individually and as representatives of a defendant class of leasing and lease/financing companies similarly situated and which acted in concert or conspiracy with Defendant Recomm, Defendants–Appellants,

Colonial Pacific Leasing Corp., individually and as representatives of a defendant class of leasing and lease/financing companies similarly situated and which acted in concert or conspiracy with defendant Recomm, Defendant–Counter–Claimant–Appellant.

No. 96–6570.

United States Court of Appeals, Eleventh Circuit.

Sept. 3, 1997.

James E. Ferguson, III, Wallace, Jordan, Ratliff & Brandt, LLC, Charles B. Campbell, Birmingham, AL, for Lease Partners Corp. & Lease Partners, Inc.

Susan S. Wagner, Berkowitz, Lefkovits, Isom & Kushner, Birmingham, AL, for Republic Leasing Co., Inc.

Maibeth J. Porter, Maynard, Cooper & Gale, P.C., Birmingham, AL, for Finova Capital Corp.

Lee H. Zell, Balch & Bingham, Birmingham, AL, for Colonial Pacific Leasing.

Samuel B. Isaacson, Katten, Muchin & Zavis, Chicago, IL, for Finova Capital Corp.

James R. Safley, Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, for Colonial Pacific Leasing Corp.

Vincent T. Borst, Alex Darcy, Askounis & Borst, P.C., Chicago, IL, for Lease Partners Corp. & Lease Partners, Inc.

Julianne Farnsworth, McNair Law Firm, P.A., Columbia, SC, Ellen E. Henderson, Birmingham, AL, for Republic Leasing Co.

J. Michael Rediker, Thomas L. Krebs, Patricia D. Goodman, Ritchie & Rediker, LLC, Birmingham, AL, for Appellees.

Before ANDERSON and COX, Circuit Judges, and ALARCON *, Senior Circuit Judge.

* Honorable Arthur L. Alarcon, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designa-

COX, Circuit Judge:

## I. Introduction

Defendants appeal the district court's order remanding this action to state court. Because we conclude that we do not have jurisdiction to review the order, we dismiss this appeal.

## II. Background

Plaintiffs, three pharmacies and a veterinarian, leased electronic display boards from defendants, four leasing and financing companies. These display boards flashed electronic messages and advertisements encouraging customers to purchase additional products while they waited for their prescriptions to be filled or pets to be treated. The leasing companies purchased the boards from Recomm Operations, Inc., ("Recomm"), and plaintiffs entered into an advertising agreement with Recomm regarding message time. Recomm filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida before this action was commenced.

The plaintiffs originally filed this putative class action in the Circuit Court for Jefferson County, Alabama, alleging various claims related to the leasing agreements. Although originally named as a defendant in this action, Recomm was voluntarily dismissed by the plaintiffs.

The complaint asserts state law fraud claims and state law negligence claims as well as claims under the Alabama Declaratory Judgment Act, Ala. Code § 6–6–220 (1975), the Securities and Exchange Act of 1933, 15 U.S.C. §§ 77a–77aa, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968.

Defendants filed notices of removal to the United States District Court for the Northern District of Alabama, alleging diversity jurisdiction, federal question jurisdiction, and bankruptcy jurisdiction. Plaintiffs moved to remand. In response, defendants moved the district court to stay proceedings until the

tion.

Judicial Panel on Multidistrict Litigation acted on defendants' motion to transfer the case pursuant to 28 U.S.C. § 1407. The district court denied the motion to stay and remanded the entire action to state court.

Because the district court's grounds for remand are of central importance to our jurisdiction, we outline the district court's memorandum opinion in some detail. First, the district court addressed defendants' contention that removal was proper under 28 U.S.C. §§ 1334 and 1452 [1] because the action was "related" to Recomm's bankruptcy proceedings. The court rejected this contention because it concluded that "[n]o significant connection between the case at bar and Recomm's bankruptcy has been shown." (R.2–25 at 5.) Second, the court found that § 77v(a) of the Securities and Exchange Act of 1933 prohibited removal. That section states: "No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). Next, the district court seems to have concluded that it lacked removal jurisdiction over the RICO claims, or that they should be remanded for other statutory or equitable reasons.

The district court further stated that even "if it were deemed to have [bankruptcy] jurisdiction under 28 U.S.C. § 1334 then abstention would be appropriate in the interest of justice and in the interest of comity with and respect for state law under § 1334(c)." [2]

(R.2–25 at 8.) In addition, the court stated that even if it had bankruptcy jurisdiction under § 1334, it would nonetheless remand the case on equitable grounds under § 1452(b). [3] The court cited as one of these equitable grounds for remand the fact that this case would be subject to transfer to a district court outside Alabama by the Judicial Panel on Multidistrict Litigation if the case remained in federal court.

Defendants appeal the district court's remand order. Additionally, they seek review of the district court's denial of their motion to stay.

### III. Issues on Appeal and Contentions of the Parties

We must decide whether we have jurisdiction to review the district court's remand order. Defendants contend that we do. They maintain that 28 U.S.C. § 1447(d) does not prohibit review because the district court remanded in order to avoid a transfer by the Judicial Panel on Multidistrict Litigation, a ground for remand not authorized by § 1447(c).

Plaintiffs contend that we do not have jurisdiction. They maintain that remand was predicated on statutory grounds. Plaintiffs further assert that § 1452(b) expressly allows remand on equitable grounds when removal is based on bankruptcy jurisdiction and that that same section prevents appellate review of such a remand.

---

**1.** Title 28 U.S.C. § 1334(a), (b), and (c)(1) state:

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c) (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Title 28 U.S.C. § 1452 states:

(a) A party may remove any claim or cause of action in a civil action other than a proceeding

before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

**2.** *See* note 1, *supra,* for the text of § 1334(c)(1).

**3.** *See* note 1, *supra,* for the text of § 1452(b).

## IV. Discussion

■ At the outset, we must address the question of whether an appeal via 28 U.S.C. § 1291 [4]—as opposed to a petition for writ of mandamus—is the proper avenue for seeking review of a remand order.

The Supreme Court has recently answered that question by holding that, in the absence of an affirmative bar to appellate review, review of remand orders may be obtained by appeal under § 1291. See *Quackenbush v. Allstate Ins. Co.,* —— U.S.——, ——–——, 116 S.Ct. 1712, 1718-20, 135 L.Ed.2d 1 (1996). The Court based this holding on two independent grounds. First, the Court reasoned that a remand order was "final" for § 1291 purposes because it puts litigants "effectively out of court." *Id.* at ——, 116 S.Ct. at 1719. Second, the Court reasoned that a remand order is appealable under the collateral order doctrine "in that it conclusively determines an issue that is separate from the merits." *Id.* Consequently, our prior cases holding that the proper way to challenge a remand is by petition for writ of mandamus, not by appeal, *see Loftin v. Rush,* 767 F.2d 800, 802 n. 3 (11th Cir.1985), are no longer viable. See *Lufkin v. McCallum,* 956 F.2d 1104, 1107 (11th Cir.1992) ("A panel of this Court may decline to follow a decision of a prior panel if such action is necessary in order to give full effect to an intervening decision of the Supreme Court of the United States."). Thus, defendants have opened the § 1291 door to appellate review.

■ The threshold to the federal appellate courthouse, however, is in this case blocked by more than one door. Two other jurisdictional limits bar our review of the district court's remand order—namely, 28 U.S.C. § 1447(d) and § 1452(b). First, 28 U.S.C. § 1447(d) states in relevant part: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . . ." This ban on review includes only reasons for remand mentioned in § 1447(c). *Things Remembered, Inc. v. Petrarca,* —— U.S. ——, ——, 116 S.Ct. 494, 497, 133 L.Ed.2d 461 (1995) (citing *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 345-46, 96 S.Ct. 584, 590-91, 46 L.Ed.2d 542 (1976)). *See also Quackenbush,* —— U.S. at ——, 116 S.Ct. at 1718. Title 28 U.S.C. § 1447(c) provides in relevant part:

> (c) A motion to remand the case on the basis of any defect [other than lack of subject matter jurisdiction] must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Consequently, this court lacks jurisdiction to review remand orders in which the district court premises remand on either lack of subject matter jurisdiction or procedural defects in removal. *See Things Remembered,* —— U.S. at ——, 116 S.Ct. at 497.

■ The district court concluded that it lacked removal jurisdiction over this case. First, the district court concluded that §§ 1334 and 1452 does not confer removal jurisdiction because the action is not "related" to Recomm's bankruptcy proceedings. Likewise, the court concluded that § 77v(a) of the Securities and Exchange Act of 1933 denies the district court removal jurisdiction over cases arising under that Act. Whether we characterize the district court's removal-jurisdiction grounds as relating to subject matter jurisdiction (of which removal jurisdiction is a species) or to a procedural defect,[5] § 1447(d) bars review of the remand of the assertedly bankruptcy-related and securities-law claims.[6]

---

4. Title 28 U.S.C. § 1291 provides in relevant part: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . . ."

5. Lack of removal jurisdiction is considered in some contexts a procedural defect, rather than a lack of subject matter jurisdiction, because a lack of removal jurisdiction—unlike a lack of subject matter jurisdiction—may be waived. *See Grubbs*

*v. General Elec. Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972).

6. Defendants maintain that they do not challenge the district court's remand order insofar as it is based on a finding by the district court that it lacks subject matter jurisdiction under §§ 1334 and 1452. However, as we discuss *infra,* defendants essentially challenge the court's order regarding its bankruptcy jurisdiction by contending

■ The district court's reasons for remanding the RICO claim present a thornier issue. The court wrote:

The predicate acts pled by the plaintiffs in the counts premised on RICO violations are mail fraud and wire fraud. The RICO claims are not separate and independent from the nonremovable claims. They arise from the same nucleus of facts and seek recovery for an interrelated series of allegedly wrongful transactions. Under the civil remedies provision of RICO, claims made under RICO *may be brought* in federal court. This provision is permissive, not mandatory or preemptive. 18 U.S.C. § 1964. As masters of their complaint, the plaintiffs may choose their forum within the confines of the law. They have chosen state court, and RICO's provisions do not require the court to disallow this choice.

(R.2–25 at 7) (emphasis added). The court then summed up its opinion by writing that "[t]his case is nonremovable by force of statute and is also due to be remanded in the best interest of justice and equity." (*Id.* at 9.)

While equitable considerations (such as respect for the plaintiff's choice of forum) may thus have provided an alternative basis for remand, the remand seems primarily to rest on statutory grounds. Three features suggest this. First, the court concludes that the RICO claims are not "separate and independent" from the state-law claims. This language echoes the language of 28 U.S.C. § 1441(c) and hints at a theory that § 1441(c) bars removal of federal-law claims that are not either independent of state-law claims or under the district court's exclusive jurisdiction.[7] Second, the opinion appears to embrace a notion that RICO claims, like the securities-law claims discussed above, are by statute not removable. Finally, the court's own conclusion shows that the remand order rested primarily on statutory grounds—related either to procedural defects or subject matter jurisdiction—and not on equitable

grounds. Because the district court thus concluded that the RICO claims were not within its removal jurisdiction, this court may not revisit the issue, whatever the viability of the district court's theories. *See In re Decorator Industries, Inc.,* 980 F.2d 1371, 1374 (11th Cir.1992) ("We are prohibited from reviewing a remand order for lack of jurisdiction even when the district court's determination is clearly erroneous.").

■ We now turn to the final part of the district court's remand order; here the court concludes that remand is also appropriate for various equitable reasons, including avoidance of a transfer by the Judicial Panel on Multidistrict Litigation. We are prohibited from reviewing that part of the district court's order for two reasons.

First, the district court explicitly stated that it would remand based on these equitable grounds only if it were deemed to have bankruptcy jurisdiction under § 1334. Because we can not review the court's determination that it did not have bankruptcy jurisdiction under § 1334 and because defendants do not challenge that jurisdictional determination, we have no cause to address these alternative equitable grounds for remand. Secondly, and more directly to the point, Congress has prohibited us from reviewing remands based on equitable grounds when removal invokes the district court's bankruptcy jurisdiction under § 1334. *See* 28 U.S.C. § 1452(b).

Because we do not have jurisdiction to review the district court's remand order, we must recognize that this action is currently pending in state court. That being true, the request that we review the district court's denial of defendants' motion to stay is rendered moot.

## V. Conclusion

Concluding that we lack jurisdiction to review the district court's remand order and

that the court improperly based its remand on equitable grounds.

7. 28 U.S.C. § 1441(c) provides in pertinent part that

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed. . . .

that the request to review the district court's denial of a stay is rendered moot, we dismiss this appeal for lack of jurisdiction.

DISMISSED FOR WANT OF JURISDICTION.