**Carlos Edward HILL, # 144528, Plaintiff,**

v.

**CITY OF MONTGOMERY, et al., Defendants.**

No. Civ.A. 99–T–813–N.

United States District Court, M.D. Alabama, Northern Division.

Nov. 9, 1999.

Carlos Edward Hill, Clayton, OH, Pro se.

OPINION

MYRON H. THOMPSON, District Judge.

The question presented in this lawsuit is whether the State of Alabama's general tolling statute for disabilities, 1975 Ala. Code § 6–2–8(a), authorizes the tolling of the State's two-year statute of limitations for the period of time a person suffers from crack-cocaine addiction. The court holds that the tolling statute does not.

On August 5, 1999, plaintiff Carlos Edward Hill brought this lawsuit against defendants (the City of Montgomery Police Department, two of its law enforcement officers, and a private citizen), charging them with illegal seizure and the use of excessive force, in violation of the fourth and fourteenth amendments to the United States Constitution as enforced through 42 U.S.C.A. § 1983. Relying upon 28 U.S.C.A. § 1915(e)(2)(B)(i) (which authorizes a district court to dismiss a complaint, filed in forma pauperis, because it is

frivolous or fails to state a claim upon which relief can be granted), United States Magistrate Judge Susan Russ Walker entered a recommendation that Hill's case be dismissed prior to service of process.[1] In her recommendation, the Magistrate Judge concluded that Hill's lawsuit was barred by the applicable statute of limitations.

As noted in the Magistrate Judge's recommendation, the Supreme Court ruled that the proper statute of limitations for a § 1983 action is the forum State's general or residual statute of limitations for personal injury actions. *See Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989); *see also Lufkin v. McCallum,* 956 F.2d 1104, 1105 (11th Cir. 1992) (noting the ruling from *Owens* ). The State of Alabama's general residual statute of limitations for personal injury actions provides for a two-year limitations period. This general statute, § 6–2–38(1) of the 1975 Alabama Code, provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." The Magistrate Judge correctly found that, because the events underlying Hill's § 1983 action occurred on April 20 and May 9, 1997, and yet he did not file this lawsuit until August 5, 1999, the two-year limitations statute had run at the time he brought this lawsuit.

Hill filed an objection to the Magistrate Judge's recommendation, arguing for the first time that this two-year statute of limitations should be tolled under § 6–2–8(a) of the 1975 Alabama Code, which, within certain limitations not relevant here, allows for the tolling of a limitations statute during the time that a person is "insane." The provision states in part: "If anyone entitled to commence any of the actions enumerated in this chapter, ... is,

at the time the right accrues ... insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action...." Hill maintains that his crack-cocaine addiction at the time of the underlying events rendered him insane, and thus that the two-year statute of limitations for his bringing this lawsuit was tolled until this lawsuit was filed. Hill's objections therefore present the critical question of whether crack-cocaine addiction falls within the definition of "insanity" in § 6–2–8(a).

There do not appear to be any Alabama decisions that discuss whether § 6–2–8(a) encompasses crack-cocaine addiction within its characterization of insanity. However, there are some Alabama cases that have addressed the relationship between narcotic addition and insanity in other contexts, and these cases lead this court to conclude that mere crack-cocaine addiction would not fall within the statute's definition. Alabama courts have held, with regard to the criminal insanity defense, *see* Ala.Code § 13A–3–1, that " 'evidence of mere narcotics addiction ... standing alone and without other physiological or psychological involvement, raises no issue of such a mental defect or disease as can serve as a basis for the insanity defense.' " *Hooks v. State,* 534 So.2d 329, 353 (Ala. Crim.App.1987) (quoting *United States v. Lyons,* 731 F.2d 243, 245 (5th Cir.1984)); *see also Ex parte Bankhead,* 585 So.2d 112, 121 (Ala.1991) ("intoxication in itself does not constitute a mental disease or defect within the meaning of § 13A–3–1"); *Davis v. State,* 740 So.2d 1115, 1121 (Ala. Crim.App.1998) ("[drug and alcohol] intoxication in itself does not constitute a mental disease or defect within the meaning of

1. Section 1915(e)(2)(A) & (B) provides:
   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   (A) the allegation of poverty is untrue; or

   (B) the action or appeal—
   (i) is frivolous or malicious;
   (ii) fails to state a claim on which relief may be granted; or
   (iii) seeks monetary relief against a defendant who is immune from such relief."

§ 13A–3–1") (not yet released for publication); *cf. Eisenbach v. Metropolitan Transportation Authority,* 62 N.Y.2d 973, 479 N.Y.S.2d 338, 468 N.E.2d 293 (1984) (the tolling of the statute of limitations due to insanity should not be read to include the temporary effects of medications, but rather the expansion of the tolling statute to embrace such disability should be accomplished, if at all, by legislative action). Similarly, federal courts have held that a drug addiction by itself fails to establish legal insanity. *See United States v. Lyons,* 731 F.2d 243, 245 (5th Cir.1984) ("[T]he great weight of legal authority clearly supports the view that evidence of mere narcotics addiction, standing alone and without other physiological or psychological involvement raises no issue of such a mental defect or disease as can serve as a basis for the insanity defense") (citing *Bailey v. United States,* 386 F.2d 1, 3–4 (5th Cir.1967)).

Admittedly, the Fifth Circuit Court of Appeals in *Lyons* added that, if a person offers evidence of physiological or psychological infirmity arising from addiction, then the person should be allowed to develop his criminal insanity defense, 731 F.2d at 247. And, similarly here, it should be that, if a plaintiff can show a physiological or psychological infirmity arising from addiction, then he should be allowed to develop the argument that, under § 6–2–8(a), the statute of limitations should be tolled because he was insane. However, Hill has not offered any evidence of infirmity beyond his prior narcotics addiction.

Relying on 28 U.S.C.A. § 1915(e)(2)(B)(i), the Magistrate Judge correctly concluded that Hill's lawsuit should be dismissed. *See Pino v. Ryan,* 49 F.3d 51 (2nd Cir.1995) (under § 1915(e)(2)(B)(i), district court could sua sponte dismiss pro se civil rights action as frivolous on grounds that face of complaint

clearly established statute-of-limitations defense). Hill's lawsuit is also due to be dismissed under 42 U.S.C.A. § 1997e(c)(1), which like § 1915, authorizes a district court to dismiss, sua sponte, a prisoner's pro se civil rights action as frivolous or failing to state a claim upon which relief can be granted.[2]

Based on the foregoing authority, this court concludes that Hill has not demonstrated sufficient evidence to take advantage of § 6–2–8(a)'s tolling provision. General allegations of narcotics addiction without more do not suffice to prove insanity. Therefore, Hill's § 1983 action is due to be dismissed pursuant to § 1915(e)(2)(B)(i) and § 1997e(c)(1).

An appropriate judgment will be entered.

### JUDGMENT

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court that:

(1) The objections filed by plaintiff Carlos Edward Hill on August 24, 1999, are overruled.

(2) The recommendation of the United States Magistrate Judge, entered on August 18, 1999, is adopted; and

(3) This lawsuit is dismissed in its entirety, without prejudice, pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(i) and 42 U.S.C.A. § 1997e(c)(1).

It is further ORDERED that costs are taxed against plaintiff Hill, for which execution may issue.

---

**2.** Section 1997e(c)(1) provides:
"The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."