[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11151
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cv-00536-RDP


NATIONWIDE MUTUAL INSURANCE CO.,
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,

Plaintiffs-
Counter Defendants-
Appellees,


versus


HOUSAN SHARIF,
As personal representative of the Decedent,
Tawfiq Ahmed Sharif,

Defendant,


BASHIR'S INC.,
d.b.a. 40th Street Grocery,
BASHIR ABDOSALE MOHAMMED,
MOSHEN MUSA,

Defendants-
Counter Claimants-
Counter Defendants-
Appellants,

HOUSAN SHARIF,
as personal representative of the
estate of Tawfiq Sharif, deceased,

Defendant-
Cross Claimant-
Counter Claimant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 4, 2014)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Bashir's, Inc., Bashir Abdosale Mohammed, and Moshen Musa (collectively

Appellants) appeal the district court's final judgment following their jury trial

against Nationwide Mutual Insurance Company and Nationwide Mutual Fire

Insurance Company (collectively Nationwide).  The trial resulted in a judgment

that Nationwide owed Appellants a duty to defend but no duty to indemnify and

that Nationwide had not acted in bad faith.  Appellants contend the district court

erred by refusing to give preclusive effect to certain findings made in an

2

underlying state-court action that would have supported a finding of a duty to indemnify. Upon review, we affirm the judgment of the district court.

## I.    BACKGROUND

The central question in this litigation is whether the insurance policies between Nationwide and Bashir's, an entity doing business as the 40th Street Grocery, provide coverage for liability arising from an accident that caused the death of Tawfiq Ahmed Sharif (the decedent). This question, in turn, depends on whether the decedent was an employee of Bashir's. If he was, Nationwide was not liable to Bashir's due to a policy exclusion (the employment exclusion).

The accident in question occurred on January 17, 2006, when Musa, a sixteen-year-old employee at the store, and the decedent, who regularly gave Musa rides home when the store closed, were standing in the cash-register area of the store near closing time. Mohammad, the store manager and principal shareholder of Bashir's, stored a pistol under the cash register for protection. Musa and the decedent each handled the pistol, mistakenly believing it to be unloaded, and while Musa was handling it, the pistol discharged and killed the decedent.

Following the accident, Housan Sharif, the decedent's personal representative, sued Appellants in Alabama state court (the liability action). Nationwide declined to defend Appellants in the liability action because it believed both that the employment exclusion applied and that Bashir's had failed to provide

timely notice of Sharif's claims. Sharif asserted two alternative sets of claims, the first assuming the decedent was not an employee of Bashir's and the second assuming that he was. Prior to trial, Appellants moved to dismiss the second set of claims due to a lack of evidence that the decedent was an employee of Bashir's, and the state court granted the motion. The state court conducted a bench trial and ultimately entered a joint-and-several judgment against Appellants in the amount of $950,000. Sharif sought to recover this judgment from Nationwide as Bashir's insurer.

Nationwide filed the instant complaint (the coverage action) against Sharif and Appellants in federal court seeking a declaration that it owed no duty to defend or to indemnify Appellants for liability arising from Sharif's claims. Appellants asserted counterclaims for breach of contract and bad faith. The parties filed cross-motions for summary judgment, and, in denying them, the district court determined that "[t]he conclusions reached by the state [court] . . . are binding on Nationwide by estoppel."

Thereafter, the case was reassigned to a different district court judge. Prior to trial, the new judge (hereinafter, the district court) ruled that Nationwide was *not* estopped from challenging in the coverage action certain findings rendered by the state court in the liability action because it had not been a party to the liability action. The district court likewise denied Appellants' request to instruct the jury to

reach conclusions consistent with the state court's factual findings in the liability action.

The district court ordered a bifurcated trial to first decide whether Nationwide was liable under the insurance contracts and, if so, to then decide whether Nationwide handled Bashir's claim in bad faith. In the first part of the trial, the jury found Nationwide breached the policies by failing to defend Appellants in the liability action but that the employment exclusion eliminated any duty of indemnification.[1] The jury awarded Appellants $9,000 in compensatory damages, the cost of Appellants' defense in the liability action. Appellants filed a motion for judgment as a matter of law, arguing it was inappropriate for Nationwide to attempt to prove the decedent was an employee of Bashir's in light of the state court's contrary finding. The district court denied the motion and found collateral estoppel inapplicable because "the privity element ha[d] not been established."

The jury then considered Appellants' bad-faith claim, but, while it was still deliberating, the district court declared a mistrial based on juror misconduct. Before the second trial on the bad-faith claim, the district court ruled that it would prohibit Appellants from discussing the prior state-court order finding that the decedent was not an employee of Bashir's. The district court also refused to admit

---

[1] These findings were not inconsistent because the duty to defend is more extensive than the duty to indemnify. *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 14 (Ala. 2001).

the state-court order into evidence.  The second jury returned a verdict in favor of Nationwide on the bad-faith claim, and the district court denied Appellants' motion for a new trial.

Appellants then brought the instant appeal asserting the district court erred by: (1) failing to give preclusive effect to the state court's rulings regarding the decedent's employment, (2) refusing to instruct the jury in the first segment of the bifurcated trial not to make findings contrary to the state court's findings of fact, and (3) excluding any mention of the state court's order following the mistrial.

## II.    STANDARD OF REVIEW

The question whether to give preclusive effect to a state court's judgment is a question of law that we review *de novo*.  *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1288 (11th Cir. 2009).  We generally review both the district court's evidentiary rulings and its refusal to give a jury instruction for abuse of discretion.  *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309, 1317 (11th Cir. 2013).

## III.    DISCUSSION

For the reasons to follow, we hold the district court did not err in declining to give preclusive effect to the state court's finding that the decedent was not an employee of Bashir's.  In addition, the district court did not abuse its discretion by refusing to instruct the jury that it must find that the decedent was an employee of

6

Bashir's or by prohibiting discussion of the state court's findings during the bad-faith portion of the trial.

## A.    *Collateral Estoppel*

The doctrine of collateral estoppel (or issue preclusion) prevents a party from challenging a prior court's finding in a subsequent proceeding before another court. *See, e.g.*, *Mitchell v. Humana Hospital-Shoals*, 942 F.2d 1581, 1583 (11th Cir. 1991). Under Alabama law, collateral estoppel requires (1) the issue in each proceeding be identical, (2) the issue have been actually litigated in the prior proceeding, (3) that the resolution of the issue was necessary to the prior court's final judgment, and (4) that either the litigant being estopped or a person in privity with that litigant have been a party to the prior proceeding. *See Dairyland Ins. Co. v. Jackson*, 566 So. 2d 723, 726 (Ala. 1990). We conclude Appellants have failed to establish the fourth element.

Nationwide was not a party to the state-court action, which involved only Appellants on one side and Sharif, as administrator of the decedent's estate, on the other. Appellants must therefore show that they and Nationwide were in privity. "The test for determining if two parties are in privity focuses on identity of interest." *Dairyland*, 566 So. 2d at 726; *see also Jim Parker Bldg. Co. v. G & S Glass & Supply Co.*, 69 So. 3d 124, 132 (Ala. 2011) (stating privity exists "when a person, although not a party, has his interests adequately represented by someone

with the same interests who is a party" (internal quotation marks omitted)). Nationwide's interests were not identical to Appellants' on the issue of the decedent's employment status because a finding that the decedent was employed by Bashir's would trigger the employment exclusion and eliminate Nationwide's duty to indemnify. In this way, Nationwide's and Appellants' interests were opposed rather than identical. Thus, Appellants cannot show they were in privity with Nationwide with respect to the coverage action, and collateral estoppel is not appropriate.

Appellants cite numerous authorities for the proposition that Nationwide, having refused to fulfill its duty to defend Appellants in the liability action, should now be bound by the findings rendered in that proceeding in a subsequent action for coverage. The Supreme Court of Alabama, however, has rejected such a rule. *Ala. Hosp. Ass'n Trust v. Mut. Assurance Soc'y of Ala.*, 538 So. 2d 1209, 1216 (Ala. 1989) ("A failure of an insurer to defend a claim against an insured does not work an estoppel on the issue of coverage."); *Ala. Farm Bureau Mut. Cas. Ins. Co. v. Moore*, 349 So. 2d 1113, 1116 (Ala. 1977) ("[W]e reject the proposition that an insurer's liability to pay for damages may stem from a breach of its duty to defend."); *see also* 1 Insurance Claims and Disputes § 4:37 ("The vast majority of cases have properly held that an insurer's unjustified refusal to defend does not estop it from later denying coverage under its duty to indemnify.").

8

The cases Appellants cite concern an insurer's attempt to prove in a coverage action that the insured was not liable in the first place after having failed to assert this argument on the insured's behalf in the underlying liability action. *See, e.g.*, *Stone Bldg. Co. v. Star Elec. Contractors, Inc.*, 796 So. 2d 1076, 1090 (Ala. 2000) ("[I]f the indemnitor . . . has been given an opportunity to defend or settle the action, the indemnitor is precluded from contesting the indemnitee's *liability* in a subsequent indemnity or third-party action." (internal quotation marks omitted) (emphasis added)).  In the instant case, Nationwide did not attempt to prove Appellants were not liable for the decedent's death.  Rather, Nationwide sought to prove that the policies do not cover such liability because of the applicability of the employment exclusion.  Accordingly, Appellants' argument is without merit.[2]

B.    *Evidentiary Rulings & Jury Instructions*

Appellants' remaining argument that the district court erred by (1) refusing to instruct the first jury that it must accept the state court's findings of fact and (2) refusing to allow the second jury to consider the state court's findings of fact as evidence is premised on their view that the state court's findings were binding on Nationwide.  Having rejected this view, we likewise reject Appellants' argument that the district court abused its discretion.

---

[2] Because we conclude Appellants have failed to meet the privity requirement, we decline to discuss the remaining elements of collateral estoppel.

9

## IV.    CONCLUSION

In light of the foregoing, we affirm the judgment of the district court.

**AFFIRMED.**