876 F.2d 1480
 Samuel JONES, Jr., Plaintiff-Appellant,
v.
PREUIT & MAULDIN, a partnership composed of E.F. Mauldin,
individually, and E.F. Mauldin as Executor or Administrator
of the Estate of Leonard Preuit, Deceased; E.F. Mauldin;
E.F. Mauldin, as Executor or Administrator of the Estate of
Leonard Preuit, deceased; and Preuit Mauldin, Defendants-Appellees.
 No. 86-7415.
 United States Court of Appeals,
Eleventh Circuit.
 June 20, 1989.
 
 Burr & Forman, C.V. Stelzenmuller, F.A. Flowers, III, Birmingham, Ala., for plaintiff-appellant.
 Potts, Young, Blasingame & Putnam, Robert W. Beasley, Florence, Ala., Don Siegelman, Atty. Gen. of Ala., Ronald C. Forehand, Robert M. Weinberg, Asst. Attys. Gen., Montgomery, Ala., Bradley, Arant, Rose & White, David G. Hymer, Donald M. James, Birmingham, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before RONEY, Chief Judge, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HATCHETT, ANDERSON, CLARK, EDMONDSON and COX, Circuit Judges.
 JOHNSON, Circuit Judge:
 
 
 1
 This case has led a long and active life. The district court originally dismissed the case on statute of limitations grounds, 586 F.Supp. 1563 (N.D.Ala.1984), and a panel of this Court reversed. 763 F.2d 1250 (11th Cir.1985), cert. denied, 474 U.S. 1105, 106 S.Ct. 893, 88 L.Ed.2d 926 (1986). The district court then granted summary judgment to defendants, 634 F.Supp. 1520 (N.D.Ala.1986), and a panel of this Court affirmed in part and reversed in part. 808 F.2d 1435 (11th Cir.1987). On rehearing en banc, this Court affirmed the district court's grant of summary judgment in favor of the defendants. 851 F.2d 1321 (11th Cir.1988). The Supreme Court vacated the en banc decision and remanded for further consideration in light of Owens v. Okure, --- U.S. ----, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). See --- U.S. ----, 109 S.Ct. 1105, 103 L.Ed.2d 170 (1989). We conclude that under Owens this action is barred by the applicable statute of limitations. Consequently, we affirm the district court's grant of summary judgment.
 
 I. BACKGROUND
 
 2
 The plaintiff brought suit in 1984 under 42 U.S.C.A. Sec. 1983 alleging his due process rights under the Fourteenth Amendment were violated by the pre-judgment attachment of three cotton pickers. At the time plaintiff filed suit, federal courts in section 1983 actions applied the limitations period of the most closely analogous action under the law of the forum state, providing that that limitations period was not inconsistent with federal policy. See, e.g., Board of Regents v. Tomanio, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). This led to a variety of limitations periods being applied to section 1983 actions in a given state depending on the characterization of a particular action. See generally Burnett v. Grattan, 468 U.S. 42, 49-50, 104 S.Ct. 2924, 2929-30, 82 L.Ed.2d 36 (1984); see, e.g., Hess v. Eddy, 689 F.2d 977 (11th Cir.1982) (two years for wrongful death), cert. denied, 462 U.S. 1118, 103 S.Ct. 3085, 77 L.Ed.2d 1347 (1983); Nathan Rodgers Construction & Realty Corp. v. City of Saraland, 670 F.2d 16 (5th Cir. Unit B.1982) (one year for denial of sewer permit); see also Jones v. Preuit & Mauldin, 763 F.2d at 1253 n. 1 (collecting cases in Alabama). The district court in this case characterized plaintiff's claim as most analogous to claims brought under Alabama's residual statute of limitations, Ala.Code Sec. 6-2-39(a)(5) (repealed) (1985). That section contained a one-year limitations period. Because plaintiff filed suit twenty-two months after his cause of action arose, the district court dismissed the case as time-barred. Plaintiff appealed.
 
 
 3
 While the appeal was pending, the Supreme Court changed the way federal courts select the most appropriate statute of limitations in section 1983 actions. In Wilson v. Garcia, 471 U.S. 261, 105 S.Ct.1938, 85 L.Ed.2d 254 (1985), the Supreme Court abandoned the patchwork approach followed in Johnson, supra, and held that principles of uniformity, certainty, and efficiency required application of a single limitations period for all actions brought in a single state under section 1983. The Court then held that the forum state's statute of limitations for personal injury actions should provide that single limitations period. Id. at 275-76, 105 S.Ct. at 1946-47.
 
 
 4
 A panel of this Court applied Wilson on the appeal from the district court's dismissal of plaintiff's case. The Court held that Alabama's six-year statute of limitations for trespass, Ala.Code Sec. 6-2-34(1), should apply rather than the residual personal injury statute of limitations, Ala.Code Sec. 6-2-39(a)(5) (repealed). 763 F.2d at 1256. Plaintiff filed suit well within this six-year period. Consequently, the panel reversed the district court's dismissal and remanded the case for further proceedings.
 
 
 5
 On remand, the district court granted summary judgment to defendants. On appeal, a panel of this Court affirmed in part and reversed in part. On petition for rehearing en banc, this Court vacated the panel opinion and granted the petition for rehearing. A sharply divided Court affirmed the grant of summary judgment. After the plaintiff filed a petition for writ of certiorari to the United States Supreme Court, the Supreme Court decided Owens v. Okure, --- U.S. ----, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In Owens, the Court held that, in states like Alabama with more than one statute of limitations for personal injury actions, the residual personal injury statute of limitations applies to all actions brought under section 1983. Shortly thereafter, the Supreme Court granted plaintiff's petition for writ of certiorari in this case, vacated the en banc opinion, and remanded the case for further consideration in light of Owens. We requested supplemental briefing from the parties on two issues: (1) whether the decision in Owens should apply retroactively under the test provided in Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); and (2) if so, whether the one-year limitations period provided in Ala.Code Sec. 6-2-39(a)(5) (repealed) or the two-year period provided in Ala.Code Sec. 6-2-38(l) should apply.
 
 II. DISCUSSION
 
 6
 The general rule is that cases are to be decided in accordance with the law existing at the time of decision. Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981). That general rule includes application of rules established by judicial decisions during the pendency of the case. See, e.g., Goodman v. Lukens Steel Co., 482 U.S. 656, 662, 107 S.Ct. 2617, 2622, 96 L.Ed.2d 572 (1987) (applying decision in Wilson v. Garcia retroactively in section 1981 case). The Supreme Court in Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), established a three-part test to determine when a court should deny retroactive effect to a judicial decision. Courts must consider (1) whether the decision establishes a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) whether retroactive application will enhance or inhibit the purpose behind the rule established by the new decision; and (3) whether it would be inequitable to apply the decision retroactively. Id. at 106-07, 92 S.Ct. at 355. This test has particular significance in retroactive application of shorter statutes of limitations. See, e.g., Williams v. City of Atlanta, 794 F.2d 624 (11th Cir.1986) (discussing retroactivity of Wilson v. Garcia ); see generally Saint Francis College v. Al-Khazraji, 481 U.S. 604, 107 S.Ct.2022, 95 L.Ed.2d 582 (1987).
 
 
 7
 Prior to Owens, a six-year limitations period applied to section 1983 actions in Alabama. See, e.g., Larkin v. Pullman-Standard Division, Pullman, Inc., 854 F.2d 1549, 1567 (11th Cir.1988) (applying six-year period provided in Ala.Code Sec. 6-2-34(1) to action brought under section 1981). After Owens, the two-year limitations period of Ala.Code Sec. 6-2-38(l) applies to section 1983 actions in Alabama. Owens, 109 S.Ct. at 580 n. 9 (using Ala.Code Sec. 6-2-38(1) as example of statute of limitations that should be applied). Thus, the decision in Owens overruled past precedent. This is not, however, past precedent on which the plaintiff may have relied. Compare St. Francis College, 481 U.S. at 608-09, 107 S.Ct. at 2025-26 (inequitable to apply shorter limitations period retroactively where existing law was clear) with Goodman, 482 U.S. at 662-63, 107 S.Ct. at 2622-23 (applying Wilson v. Garcia retroactively in absence of clear precedent on which plaintiff would have relied). At the time plaintiff filed suit, courts applied the limitations period of the most closely analogous state cause of action. See Tomanio, supra; Johnson, supra. No case had established the statute of limitations for actions in Alabama challenging the constitutionality of state attachment procedures. Although the decision in Owens changed the statute of limitations adopted in Jones, plaintiff did not rely on that precedent. Owens did not alter any clear rule in existence at the time plaintiff filed suit.[1] Consequently, this factor does not lead us to deny retroactive application of Owens. See Williams v. City of Atlanta, 794 F.2d at 627 (applying Wilson v. Garcia retroactively in part because it was not reasonable for plaintiff to have relied on longer limitations period).
 
 
 8
 Consideration of the other two Chevron factors leads us to the same conclusion. The purpose behind Wilson and Owens is to establish a uniform limitations period for actions brought under section 1983 in a particular state.[2] Application of a different, uncertain limitations period would be inconsistent with this purpose. Additionally, equitable considerations do not disfavor retroactive application of Owens in this case. As a general matter, intervening decisions mandating application of a shorter statute of limitations should not be given retroactive effect where the existing limitations period was clear. St. Francis College, 481 U.S. at 608-09, 107 S.Ct. at 2025-26; see, e.g., Young v. Biggers, 820 F.2d 727 (5th Cir.1987); cf. Hanner v. Mississippi, 833 F.2d 55 (5th Cir.1987). Otherwise, injured parties who had relied on a longer limitations period would be denied access to the federal courts. See generally Jackson v. City of Bloomfield, 731 F.2d 652, 654-55 (10th Cir.1984); see also Gibson v. United States, 781 F.2d 1334, 1339 (9th Cir.1986), cert. denied, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). Although Owens established a shorter limitations period than established in the origin panel decision in this case, it did not establish a shorter limitations period with respect to this plaintiff, because no longer limitations period clearly applied at the time plaintiff filed suit. After considering the factors established in Chevron, we conclude that Owens applies retroactively in this case.
 
 
 9
 We also asked the parties to address the issue of which statute of limitations should apply, assuming Owens controls. One residual personal injury statute of limitations, Ala.Code Sec. 6-2-39(a)(5) (repealed), provided a one-year limitations period. Section 6-2-39(a)(5) was repealed after the plaintiff in this case filed suit. Its replacement, Ala.Code Sec. 6-2-38(l), provides a two-year limitations period. We look to Alabama law to determine which statute of limitations applies.
 
 
 10
 The general rule under Alabama law is that the statute of limitations in effect at the time an action is brought applies. Cf. generally Durham v. Business Management Associates, 847 F.2d 1505, 1508 n. 4 (11th Cir.1988) (citing Tyson v. Johns-Manville Sales Corp., 399 So.2d 263, 269 (Ala.1981)); see Lampliter Dinner Theater, Inc. v. Liberty Mutual Insurance Co., 792 F.2d 1036, 1042-43 n. 4 (11th Cir.1986) (citing Schoen v. Gulledge, 481 So.2d 1094, 1097 (Ala.1985)). The one-year period of Ala.Code Sec. 6-2-39(a)(5) (repealed) applied at the time plaintiff brought suit. The two-year limitations period does not apply to plaintiff's claim under Alabama law because plaintiff's action was already barred on January 9, 1985, the date Ala.Code Sec. 6-2-38(l) became effective. See generally Watson v. Trail Pontiac, Inc., 508 So.2d 262, 263 (Ala.1987). Thus, the one-year period of Ala.Code Sec. 6-2-39(a)(5) (repealed) applies unless it conflicts with federal policy. Cf. Burnett v. Grattan, 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984); see generally Wilson v. Garcia, 471 U.S. at 266-67, 105 S.Ct. at 1941-42.
 
 
 11
 Under federal law, a borrowed limitations period should provide a reasonable period of time in which a plaintiff can file suit. See Johnson, 421 U.S. at 463-64, 95 S.Ct. at 1721-22. In Burnett v. Grattan, supra, for example, the Supreme Court rejected a six-month limitations period for actions brought in Maryland under sections 1981, 1985, and 1986. No case, however, has held that a one-year limitations period conflicts with the policies behind section 1983 by providing an insufficient period in which to file suit. We decline to so hold in this case. We conclude that under the circumstances of this case, the one-year limitations period of Ala.Code Sec. 6-2-39(a)(5) (repealed) applies. Because plaintiff failed to file suit within that period, his action is barred.
 
 III. CONCLUSION
 
 12
 We AFFIRM the district court's grant of summary judgment on the ground that plaintiff failed to file suit within the applicable statute of limitations.
 
 
 
 [1]
 Plaintiff argues that the approach followed by the Court in Owens differed from the approach followed by courts at the time plaintiff filed suit. Wilson changed that approach, however, not Owens. The original panel did not address whether Wilson applied retroactively because the parties did not argue nonretroactivity. See 763 F.2d at 1253 n. 2
 
 
 [2]
 Plaintiff argues that the purpose behind section 1983 is to provide a mechanism by which injured parties can obtain damages for loss suffered as a result of violations of constitutional rights. We agree. That does not change the result in this case, however. The state limitations period applies even if the plaintiff in an action under section 1983 is denied recovery. Cf. Chardon v. Fumero Soto, 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983)