[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 14, 2006
THOMAS K. KAHN
CLERK

No. 05-14961
Non-Argument Calendar
_____

D. C. Docket No. 03-01435-CV-B-NW

BEN BURT, JR.,

Plaintiff-Appellant,

versus

TIMOTHY MARTIN, SR.,
MD,
SHOALS FAMILY MEDICAL CLINIC,
JOHN L. ALDRIDGE,
in his individual and official capacity
as Sheriff of Colbert County,
DWIGHT WILSON,
in his individual and official capacity
as a Deputy of Colbert County,
GEORGE SHARP,
in his individual and official capacity
as a Deputy of Colbert County, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Alabama

**(July 14, 2006)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Ben Burt, Jr., an Alabama prisoner proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 civil rights action. His complaint alleged that the defendants, Timothy Martin, M.D., Shoal Family Medical Center, Sheriff John L. Aldridge, Sheriff's Deputies Dwight Wilson and George Sharp, Billy Blackwell, and several Colbert County Jail Commissioners, denied Burt adequate medical care in violation of his Eighth Amendment rights; used excessive force in medical treatment; unlawfully seized him; and failed to adequately train staff. The district court dismissed the claim sua sponte, prior to service of process, for failure to state a claim under 28 U.S.C. § 1915A(b)(1), because the action was filed beyond the applicable statute of limitations period. Burt now appeals.

Section 1915A(a) requires the district court to perform a screening review of any civil complaint filed by a prisoner against a government official. Such a complaint may be dismissed if it "fails to state a claim upon which relief may be

granted." 28 U.S.C. § 1915A(b)(1). Dismissal of a prisoner's complaint as time-barred prior to service will also be appropriate if it "appear[s] beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing Leal v. Ga. Dep't of Corrs., 254 F.3d 1276, 1280 (11th Cir. 2001)).

We review de novo a district court's sua sponte dismissal of a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), viewing the allegations in the complaint as true. See Leal, 254 F.3d at 1278-79; Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (applying the same standards as a dismissal under Fed. R. Civ. P 12(b)(6) to dismissal under § 1915A(b)(1)).

In states where more than one statute of limitations exists, the forum state's general or residual personal injury statute of limitations applies to all § 1983 actions filed in federal court in that state. Owens v. Okure, 488 U.S. 235, 236, 249-50, 109 S.Ct. 573, 574, 580-82, 102 L.Ed.2d 594 (1989). In Alabama, the residual personal injury limitation period is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). A cause of action accrues for purposes of determining when the statute of limitations period began to run when the plaintiff knew or should have known of his injury and its cause. Bowling v. Founders Title Co., 773 F.2d 1175, 1178 (11th Cir. 1985); Free v. Granger, 887

3

F.2d 1552, 1555-56 (11th Cir. 1989).

Burt alleged that the violations of his Eighth Amendment rights took place in July 1997, which would also be when he learned of the injury for purposes of beginning the running of the statute of limitations. See Bowling, 773 F.2d at 1178. He filed the complaint in the instant action in 2003, which was more than five years later. Accordingly, the district court correctly determined that the complaint was barred by the applicable two year statute of limitations. See Mauldin, 876 F.2d at 1483. Burt, therefore, can prove no set of facts that would avoid a statute of limitations bar.[1] See Hughes, 350 F.3d at 1163. Accordingly, we AFFIRM.

---

[1] The district court alternatively found that the action was otherwise barred by the doctrine of res judicata, at least as to some of the defendants. Because the dismissal is otherwise due to be affirmed, we decline to review this alternative ground. We also note that Burt did not object to the magistrate's factual determinations in the district court, and does not dispute those matters on appeal. Therefore, the dismissal of his complaint is due to be affirmed because he is barred from attacking the dismissal on appeal, and he has waived any argument disputing the dismissal. See Hardin v. Wainwright, 678 F.2d 589, 591 (5th Cir. Unit B 1980) ("[A]n appellant's failure to object to a magistrate's report bar(s) that party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice) (internal citations and quotations omitted); Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (holding that arguments not raised in the initial brief on appeal are deemed waived).