[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16462

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2011
JOHN LEY
CLERK

D. C. Docket No. 00-00753-CV-CG-M

C.C., a minor, by her parents and natural guardians,
Aretha and Chris Andrews,
R.S.H., a minor, by her parent and natural guardian,
Betty Jean Murphy,

Plaintiffs-Appellees,

versus

MONROE COUNTY BOARD OF EDUCATION,
MIKE FLOYD,

Defendants,

DARENELL PAYNE.

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 25, 2011)

Before MARTIN, COX and BLACK, Circuit Judges.

PER CURIAM:

Plaintiffs originally filed this suit in August 2000. An Amended Complaint was filed in November 2000 alleging multiple claims. The procedural history of this case is lengthy and complex. The sole claim at issue is Plaintiffs' 42 U.S.C. § 1983 claim that Defendant Darenell Payne, in his individual capacity, violated the Equal Protection Clause of the Fourteenth Amendment. The district court denied Payne's summary judgment motion, holding Payne is not entitled to qualified immunity on the equal protection claim. Before us now is Payne's interlocutory appeal of the denial of qualified immunity.

We analyze a government official's assertion of qualified immunity in two parts. "First, the official must prove that the allegedly unconstitutional conduct occurred while he was acting within the scope of his discretionary authority." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998). "Second, if the official meets that burden, the plaintiff must prove that the official's conduct violated clearly established law." *Id*.

As to the first part, we previously held Payne met his burden of proof and was acting within his discretionary authority. *C.C. v. Monroe Cnty. Bd. of Educ.*, 299 F. App'x 937, 940-41 (11th Cir. 2008). As to the second part of the analysis, the Plaintiffs must now prove Payne's conduct violated clearly established law. *James*, 157 F.3d at 1281. In other words, "the burden shifts to the plaintiff to

show that the defendant is *not* entitled to qualified immunity." *Doe v. Sch. Bd. of Broward Cnty., Fla*., 604 F.3d 1248, 1265 (11th Cir. 2010) (internal quotation and citation omitted). To satisfy this burden, a plaintiff must show: "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Id*. When plaintiffs fail to allege a constitutional violation, however, a court need not reach the "clearly established law" prong of the qualified immunity inquiry. *Cottone v. Jenne*, 326 F.3d 1352, 1362 (11th Cir. 2003).

It is at this point the Rule 12(b)(6) defense and the qualified immunity defense become intertwined. *Wooten v. Campbell*, 49 F.3d 696, 699 (11th Cir. 1995). Under Rule 12(b)(6), Payne can defeat Plaintiffs' cause of action if their complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As the Supreme Court noted, "[a] necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all." *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 1793 (1991). Therefore, we must examine the

3

Plaintiff's Amended Complaint to determine if it states a violation of the Equal Protection Clause.[1]

The Equal Protection Clause protects against government actions which "affect some groups of citizens differently than others." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601, 128 S. Ct. 2146, 2152-53 (2008) (quoting *McGowan v. Maryland,* 366 U.S. 420, 425, 81 S. Ct. 1101, 1105 (1961)). An equal protection claim against a supervisor, like Payne, requires a showing of intentional discrimination. *Ashcroft v. Iqbal*, –U.S.–, 129 S. Ct. 1937, 1948 (2009).[2] In *Iqbal*, the Supreme Court had before it a *Bivens*[3] action brought by a Muslim inmate who alleged he had been unconstitutionally mistreated because of policies put in place by various government officials. Recognizing that vicarious liability is inapplicable to both *Bivens* and § 1983 claims, the Court established "a plaintiff must plead that each Government-official defendant, through the official's own

---

[1]We must examine Plaintiffs' Amended Complaint because there is no pretrial order in the record before us.

[2]The general rule is that "federal cases should be decided in accordance with the law existing at the time of decision." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 608, 107 S. Ct. 2022, 2025 (1987) (citation omitted). "That general rule includes application of rules established by judicial decisions during the pendency of the case." *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (citation omitted). We apply the general rule in deciding whether the Constitution has been violated.

[3]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

individual actions, has violated the Constitution." *Id.* at 1948. In the equal protection context, this means showing the supervisor, like the subordinate, undertook a discriminatory action "because of, not merely in spite of, the action's adverse effects upon an identifiable group." *Id.* at 1948 (internal quotation, alteration, and citation omitted). Thus, a plaintiff must show a supervisor possessed discriminatory intent in order to adequately state a claim for a violation of her equal protection rights. *See T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (applying *Iqbal*).

*Iqbal* was decided after the briefing was closed in the district court, but before the district court entered its order. The district court's order did not cite *Iqbal*, which suggests to us it was not brought to the district court's attention. Under these circumstances, we think it appropriate to vacate the district court's order denying Payne's motion for summary judgment and remand to the district court in order to enable the district court to reconsider its summary judgment order on the equal protection claim in light of *Iqbal*.[4]

VACATED AND REMANDED.

---

[4]This is an unlimited remand.