[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14184
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00644-WS-C


THOMAS CURTIS HINES,

Plaintiff-Appellant,

versus

KIM THOMAS,
WARDEN,
CYNTHIA WHITE,
WALTER MYERS,
RICHARD HETRICK, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 2, 2015)

Before ROSENBAUM, JILL PRYOR, and BLACK, Circuit Judges.

PER CURIAM:

Thomas Hines, an Alabama state prisoner proceeding *pro se* and *in forma pauperis*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 civil-rights complaint as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).  The court found that Hines had abused the judicial process because he failed to disclose his prior litigation history.  The court also counted the dismissal as a strike against Hines under 28 U.S.C. § 1915(g).  Hines argues that he did not intentionally mislead the court about his prior litigation history, and the district court erred in finding that his complaint was malicious or an abuse of the judicial process.  After careful review, we vacate the district court's dismissal of Hines's complaint and its imposition of a strike, and we remand for further proceedings.

## I.

On November 7, 2011, Thomas Hines, an Alabama state prisoner, filed a 39-page civil-rights complaint, plus 129 pages of attached documents from prior cases, against Alabama Department of Corrections officials and Fountain Correctional Facility employees for violations of his First and Fourteenth Amendments rights, pursuant to 42 U.S.C. § 1983.  Hines alleged that the defendants provided an inadequate law library in violation of his right to access the courts.  Specifically, he contended that prison officials restricted use of the prison law library in order to prevent Hines from pursuing a meritorious claim that his

2

sentence of 30 years' imprisonment, imposed in 1983 after his conviction for possession of burglary tools, was unlawful.

On the court's § 1983 complaint form, which Hines signed under penalty of perjury, Hines responded, "yes," to the question "Have you filed other lawsuits in state or federal court relating to your imprisonment." He identified *Hines v. Davidson*, filed in both state court and federal court, as a previous lawsuit that was dismissed in 1986 for failure to state a claim in federal court and for failure to appear in state court. Hines did not list any additional cases.

The magistrate judge reviewed Hines's complaint and found that it did not contain a "short and plain statement" of his claims as required under Rule 8 of the Federal Rules of Civil Procedure. The judge ordered Hines to file an amended complaint that complied with Rule 8(a) and § 1983's pleading requirements on the court's § 1983 complaint form. And, believing Hines to be attempting to challenge his sentence in the § 1983 action, the judge also ordered Hines to assert any habeas claims in a separate action under 28 U.S.C. § 2254. In a section of the order entitled "Sanctions," the magistrate judge noted that Hines had failed to mention "any other of his numerous lawsuits," particularly those dismissed under 28 U.S.C. § 1915, so the magistrate judge ordered Hines to show cause why the complaint

3

should not be dismissed and counted as a strike under § 1915(g) for abuse of the judicial process or for failure to comply with the court's form requirements.[1]

In response to the magistrate judge's sanctions order, Hines explained that he had not intended to mislead the court or leave out information. He acknowledged that he did not list all his previous lawsuits but attributed the omissions to an honest mistake, which, he asserted, he should be allowed to correct.

Hines then filed a 37-page amended complaint, utilizing the § 1983 inmate complaint form. As to his prior litigation history, Hines listed the following four cases relating to his imprisonment, in addition to *Hines v. Davidson*:  (1) *Hines v. Dove*, in which the jury found for the defendant in 1985 or 1986;  (2) *Hines v. J.O. Davis*, which he believed was dismissed for failure to prosecute in 1986;  (3) an unnamed "medical lawsuit" or "a fourth law [sic] or others between 1985 an[d]

---

[1]  Section 1915(g), otherwise known as the "three strikes rule," states,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915—Proceedings in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The purpose of this rule, and the PLRA generally, is "to curtail abusive prisoner litigation."  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  "After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit."  *Id.* (quotation marks omitted).

4

1988"; and (4) *Hines v. Comm'r, Dep't of Corr.* (which is the case of *Hines v. Hawsey*, discussed below), which he believed was dismissed for failure to prosecute in 2002 or 2003. Of the five, he stated that only *Hines v. Davidson* was dismissed for failure to state a claim. Hines explained that these cases were the only ones he could remember filing, and that, if there were other cases, he did not know what they involved or against whom they were filed.

In a report and recommendation, the magistrate judge recommended that Hines's complaint be dismissed without prejudice as malicious under § 1915(e)(2)(B)(i). Although Hines listed additional cases in his amended complaint, the magistrate judge found that the information was "vague" and unhelpful in determining whether Hines was within the scope of the three-strikes rule in § 1915(g). Furthermore, the judge stated, Hines listed only *Hines v. Davidson* as an action that was dismissed for failure to state a claim, but his appeal in *Hines v. J.O. Davis* was found to be frivolous, and Hines did not inform the court that he had filed a contemporaneous habeas action, *Hines v. White*, at the same time as the instant § 1983 action.

Despite Hines's assertion that he did not intend to mislead the court, the magistrate judge determined that Hines's omission of a substantial portion of the requested information was "clearly intentional" and caused the district court additional work in its review of his complaint. The court reached this conclusion

5

because it reasoned that Hines had information about some of his prior cases, owing to the fact that he referred to these cases and holdings in his complaint and he was served in 2003 with a report and recommendation in *Hines v. Hawsey*, No. 02-0574 (S.D. Ala. Sept. 29, 2004), which thoroughly reviewed his litigation history.  Thus, the judge found, Hines chose not to provide the information and then knowingly signed the complaint and amended complaint under penalty of perjury.

According to the report and recommendation in *Hines v. Hawsey*[2], Hines had litigated the following cases:

> *Hines v. Castle*, No. 83-1366 (S.D. Ala. Dec. 7, 1983) (treated as habeas action);
> *Hines v. J.O. Davis*, No. 84-0932 (S.D. Ala. 1984) (appeal found to be frivolous in § 1983 action);
> *Hines v. Dove*, No. 84-0808 (S.D. Ala. Oct. 30, 1984) (dismissed so Hines could re-file in state court);
> *Hines v. Davis*, No. 84-1395 (S.D. Ala. Dec. 7, 1984) (habeas action);
> *Hines v. Dove*, No. 84-1338 (S.D. Ala. Dec. 14, 1984) (treated as habeas action)
> *Hines v. Dove*, No. 86-0405 (S.D. Ala. Jan. 22, 1987) (jury decision in favor of defendants in § 1983 action)
> *Hines v. Davidson*, No. 87-0555 (S.D. Ala. Sept. 29, 1987) (§ 1983 action dismissed as frivolous)

---

[2]  The report in *Hawsey* recommended that Hines's § 1983 complaint be dismissed under the three-strikes provision of § 1915(g), and the district court adopted the recommendation.  On appeal, this Court vacated and remanded the case, concluding that of the four cases relied on by the district court, two (*Castle*, No. 83-1366, and *Dove*, No. 84-1338) were habeas cases that did not count as strikes.  *See Hines v. Hawsey*, No. 02-0574 (S.D. Ala. Sept. 29, 2004), doc. 26.  On remand, the district court granted summary judgment in favor of the defendants.

*Hines v. Johnson*, No. 86-0357 (S.D. Ala. Dec. 5, 1988)
(habeas action)
*Hines v. Davis*, No. 86-0234 (S.D. Ala. June 1, 1989)
(§ 1983 action "dismissed for defendants")
*Hines v. Davis*, No. 85-0827 (S.D. Ala. June 7, 1989)
(§ 1983 action "dismissed, for defendants, after an
evidentiary hearing")
*Hines v. Davis*, No. 86-0999 (S.D. Ala. Oct. 24, 1989)
(§ 1983 action dismissed for failure to prosecute)

The magistrate judge concluded that, based on Hines's non-responsiveness to the court's orders, including his failure to file a "short and plain statement," as well as "his responses to the complaint form's questions, the tenor of his objection, and his persistence in filing challenges to his criminal sentence," Hines's conduct during the litigation indicated that "obtaining a favorable ruling on his claims is just one of his purposes." According to the judge, Hines's "conduct in this action is conduct that courts have deemed abusive, and for which, courts have imposed the double sanction dismissing the action without prejudice and counting the dismissal as a strike on the ground of being malicious."

Hines filed objections to the report and recommendation, arguing that he omitted his prior habeas cases because the district court's § 1983 complaint form did not ask for them. Rather, he understood the form to ask only for prior lawsuits relating to his conditions of confinement. Of the twelve prior cases identified by the magistrate judge, Hines asserted that some were habeas cases and should be excluded from the list; that the *Hines v. Dove* cases, listed three times by the

7

magistrate judge, were the same case but handled in different ways; and that he did not have the means to remember and list cases from decades ago. Hines explained that a dismissal without prejudice would prevent him from re-filing in the future because the statute of limitations on his claim had passed.

On August 12, 2013, the district court overruled Hines's objections and adopted the report and recommendation of the magistrate judge. The court dismissed the complaint without prejudice under § 1915(e)(2)(B)(i) and counted the dismissal as a strike against Hines pursuant to § 1915(g).

## II.

Under the Prison Litigation Reform Act ("PLRA"), a district court "shall dismiss" at any time an *in forma pauperis* case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). We review for abuse of discretion a district court's *sua sponte* dismissal under § 1915(e)(2)(B)(i). *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quotation marks omitted). A finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants

8

dismissal under § 1915(e)(2)(B)(i). *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997).

A dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file the action. *See, e.g., Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice for failure to file a court-ordered brief was not an abuse of discretion). But where a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 & n.15 (11th Cir. 1993).

Dismissals with prejudice are drastic remedies that are to be used only where lesser sanctions would not better serve the interests of justice. *Id.* at 1482 n.15. Therefore, dismissals with prejudice generally are not appropriate unless the district court finds both that there is a clear record of delay or willful misconduct and that lesser sanctions are inadequate. *Zocaras*, 465 F.3d at 483 (involving sanctions under Rule 41(b), Fed. R. Civ. P.). Mere negligence or confusion does not rise to the level of willful misconduct. *Id.* We have held that "cutting off a plaintiff's potentially meritorious action is an unduly harsh sanction for failure to prosecute or to comply with a court order, absent willful or contumacious conduct." *See Justice*, 6 F.3d at 1481.

The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Alabama is two years. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*); Ala. Code § 6–2–38(l). Hines's action, which was filed in November of 2011, was based primarily on events which allegedly took place before August 2011, at the latest. Therefore, it appears that the district court's dismissal on August 12, 2013, was tantamount to a dismissal with prejudice, as Hines had argued in his objections to the magistrate judge's report. *See Justice*, 6 F.3d at 1482 n.15.

After a review of the record in this case, we conclude that the district court abused its discretion in dismissing Hines's case as malicious. *See Hughes*, 350 F.3d at 1160. The magistrate judge's thorough report and recommendation, which was adopted without change by the district court, correctly found that Hines, under penalty of perjury, failed to disclose in his original complaint at least one federal action, *Hines v. J.O. Davis*, that was dismissed as frivolous on appeal. Hines had notice that this case counted as a strike under § 1915(g). *See Hines v. Hawsey*, No. 02-0574 (S.D. Ala. Sept. 29, 2004), doc. 26. In his amended complaint, Hines listed additional cases, and he acknowledged that he was only listing cases he

10

could remember, making it clear that there might be additional cases.  But Hines again did not list all of his prior § 1983 cases in his amended complaint.[3]

However, there does not appear to be a "clear record" of willful misconduct on Hines's part.  *See Zocaras*, 465 F.3d at 483.  Hines's allegation that he does not remember all his prior cases is plausible, given the age of most of the cases.  In addition, several of the missing cases were habeas actions, and Hines's argument that the district court's § 1983 form did not ask him to list his past habeas cases is not unreasonable.  *See, e.g.*, *Anderson v. Singletary*, 111 F.3d 801, 805 (11th Cir. 1997) (holding that the PLRA does not apply to habeas corpus proceedings). Additionally, the limited information available on his past cases shows only two cases dismissed under § 1915, and Hines disclosed those cases in his amended complaint.  Thus, it is not apparent that Hines's failure to list his prior cases was an attempt to avoid a § 1915(g) three-strikes dismissal.  Indeed, one of the cases Hines included in his amended complaint was *Hines v. Hawsey*, which the magistrate judge relied upon for its review of his litigation history.

Furthermore, although the magistrate judge faulted Hines for not including a "short and plain statement" of his claims in the amended complaint, Hines condensed his access-to-courts claim and filed a shorter total complaint, notwithstanding his addition of an additional claim for relief.  And despite

---

[3]  We base this conclusion on the report and recommendation prepared in *Hines v. Hawsey*.  Due to the age of the cases, we have been unable to verify the details independently.

11

accepting that Hines was not attempting to challenge his conviction and sentence in the context of this § 1983 action, the magistrate judge, nonetheless, cited Hines's "persistence in filing challenges to his criminal sentence" as a reason supporting dismissal of the action.[4]  While it is apparent that Hines was certainly negligent in failing to inform the court of his litigation history, his actions as a whole do not present a clear record of willful misconduct.  *See Zocaras*, 465 F.3d at 483.

Had the dismissal truly been without prejudice to re-filing, the district court likely would not have abused its discretion in dismissing the action.  *See Dynes*, 720 F.2d at 1499.  As explained above, however, the dismissal without prejudice in this action appears to have been tantamount to a dismissal with prejudice due to the running of the statute of limitations.  What's more, the court's imposition of a strike under § 1915(g) appears to be Hines's third, implicating the three-strikes bar.  *See* 28 U.S.C. § 1915(g).  The record does not show that the district court understood that the dismissal would preclude Hines from refiling due to the statute of limitations, nor did the court explain why a lesser sanction would be inadequate.  *See Zocaras*, 465 F.3d at 483; *Justice*, 6 F.3d at 1481-82 & n.15.  Given that Hines

---

[4]  Hines indicated that his discussion of the merits of his habeas claim in the complaint and amended complaint was—at least in part— to show that he suffered an "actual injury" for his access-to-courts claim, as required by *Lewis v. Casey*, 518 U.S. 343, 351-53, 116 S. Ct. 2174, 2180-81 (1996).

disclosed several prior suits, his failure to disclose the other cases does not, on this record, support a dismissal with prejudice.  *See Zocaras*, 465 F.3d at 483.

Accordingly, we vacate the dismissal of Hines's action under § 1915(e)(2)(B)(i) and the imposition of a strike under § 1915(g), and we remand for the district court to consider and address whether an effective dismissal with prejudice is warranted, and, if so, why a lesser sanction would not suffice.  We express no view on the appropriate resolution on remand.

**VACATED AND REMANDED**.