[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14473
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00688-WMA-JEO


DONALD RAY BELUE,

                                                    Plaintiff - Appellant,

versus

JOHN R. BENN,
GARY W. ALVERSON,
VICKI GAMBLE,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 1, 2015)

Before JORDAN, ROSENBAUM and JULIE CARNES, Circuit Judges.

PER CURIAM:

Donald Belue, an Alabama prisoner proceeding *pro se*, filed suit under 42 U.S.C. § 1983 against his trial counsel and the district attorney, alleging that they conspired to falsify evidence to procure his 1995 conviction for first degree rape, sodomy, and burglary. Mr. Belue also claimed that his trial counsel and a court reporter conspired to change one of the juror's answers to a *voir dire* question to conceal the juror's bias. The district court, acting *sua sponte*, dismissed Mr. Belue's complaint under 28 U.S.C. § 1915(A)(b)(1) on the grounds that his claims were frivolous, time-barred, and barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Mr. Belue timely appealed. Because we agree with the district court that Mr. Belue's claims are time-barred, we affirm.

"We review a district court's *sua sponte* dismissal of a suit for failure to state a claim for relief under § 1915A(b)(1) *de novo*." *Harden v. Pataki*, 320 F.3d 1289, 1292 (11th Cir. 2003). Federal courts must apply a "forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). "The two-year limitations period of Ala. Code § 6–2–38(l) applies to section 1983 actions in Alabama." *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989). We may affirm a district court's dismissal of a complaint as time-barred where a prisoner fails to identify why the statute of limitations might be tolled in his case. *See Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003).

Mr. Belue contends that the events giving rise to his § 1983 claim occurred in August of 1995.  He filed his lawsuit in August of 2013, approximately 18 years later, which is well beyond the two-year statute of limitations, and has failed to assert any reasons why the statute of limitations period should be tolled. Accordingly, his claims are time-barred.

**AFFIRMED.**