[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10390

Non-Argument Calendar

_____

VIRGIL MITCHELL,

Plaintiff-Appellant,

*versus*

STATE OF ALABAMA DHR,
SHARON HOLLIES,
CARMEN BOSCH,
SHERIFF, BALDWIN COUNTY, ALABAMA,
WILLIE WALKER, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:21-cv-00085-KD-MU

_____

Before JORDAN, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Virgil Mitchell, proceeding *pro se*, appeals following the dismissal of his civil rights complaint and the denial of his various post-judgment filings, which essentially constituted a motion for reconsideration. In the district court, Mitchell filed an amended complaint and asserted certain claims under, *inter alia*, 42 U.S.C. § 1983 and the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, involving efforts to compel him to pay child support. The defendants moved to dismiss his suit as untimely and on other grounds. He opposed those motions without directly addressing timeliness. A magistrate judge then reviewed the case and issued a Report and Recommendation ("R&R") concluding that the district court should dispose of his suit on that basis. Once again, Mitchell did not directly dispute the point, and the district court: (i) granted the defendants' motion and dismissed his suit as untimely; and (ii) denied a post-judgment motion by him for reconsideration under Fed. R. Civ. P. 59.

On appeal, Mitchell challenges the dismissal, but he still does not address the timeliness determination. The appellees, in turn, argue that he abandoned the issue. After careful review, we affirm.

I.

We review *de novo* the district court's dismissal of a complaint for failure to satisfy the statute of limitations. *Jackson v. Astrue*, 506 F.3d 1349, 1352 (11th Cir. 2007). We also review the district court's interpretation and application of the statute of limitations *de novo*. *Dotson v. United States*, 30 F.4th 1259, 1264 (11th Cir. 2022). In examining whether a district court's dismissal is proper, we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). But we review the denial of Rule 59(e) motions for reconsideration only for abuse of discretion. *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1285 (11th Cir. 2001). We may affirm the district court's decision for reasons different than those stated by the district court. *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1433 n.9 (11th Cir. 1998).

Generally, we do not consider arguments not raised in the district court. *Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1247 n.4 (11th Cir. 2022) (citing *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004)); *see also Finnegan v. Comm'r of Internal Revenue*, 926 F.3d 1261, 1271 (11th Cir. 2019). We've cautioned litigants that we "cannot allow [them] to argue a different case [on appeal] from the case [they] presented to the district court." *Irving v. Mazda Motor Corp.*, 136 F.3d 764, 769 (11th Cir. 1998). Similarly, a party may forfeit an argument by waiting until a post-trial motion, like a motion for reconsideration, to raise it. *See Thomas v. Bryant*, 614 F.3d 1288, 1305 (11th Cir. 2010).

Moreover, a party who fails to object to a magistrate judge's findings or recommendations contained in an R&R in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions, if the party was informed of the time period for objecting and the consequences on appeal for failing to object. *See* 11th Cir. R. 3-1. However, we may review on appeal for plain error if necessary in the interests of justice. *Id.*

In addition, an appellant can abandon an issue by failing to challenge it on appeal. *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (applying this rule to a *pro se* litigant). An appellant can also abandon a claim if he presents it only in "passing references" or "in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins., Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "[S]imply stating that an issue exists," without providing reasoning and citation to authority, "constitutes abandonment of that issue." *Id.* (quoting *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009)).

In applying these principles, we hold *pro se* pleadings to a less stringent standard and will liberally construe them. *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But we will not "serve as *de facto* counsel for a party [or] rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69. In addition, all litigants in federal court -- *pro se* or counseled -- are required to comply with the applicable procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

## II.

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Although Alabama has "more than one statute of limitations for personal injury actions, the residual personal injury statute of limitations applies to all actions brought under § 1983." *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1482 (11th Cir. 1989). Alabama's residual personal injury statute of limitations is two years. Ala. Code § 6-2-38; *McNair*, 515 F.3d at 1173.

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The statute of limitations for a civil rights action begins to run from the date the cause of action accrues, which occurs when "the plaintiff has a complete and present cause of action" and "can file suit and obtain relief." *Id.* (quotations omitted). Under the discovery rule, an action accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996) (quotations omitted). A § 1983 cause of action will only accrue once the plaintiff knows or should know (1) that he has suffered an injury that forms the basis of his action and (2) the identity of the person or entity that inflicted the injury. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). To analyze this issue, a court must first

identify the injuries the plaintiff allegedly suffered and then determine when he could have sued for them. *Rozar*, 85 F.3d at 562.

The statute of limitations for federal civil RICO actions is four years. *Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013). It "begins to run when the injury was or should have been discovered, regardless of whether or when the injury is discovered to be part of a pattern of racketeering." *Id.* (quotations omitted).

A party may, no later than 28 days after entry of a judgment, move a district court to alter or amend it. Fed. R. Civ. P. 59(e). A party cannot, however, "use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). Rather, a court may only grant a Rule 59(e) motion on the basis of newly discovered evidence or manifest errors of law or fact. *PBT Real Estate, LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021). We've affirmed the denial of a motion for reconsideration where a party "did nothing but ask the district court to reexamine an unfavorable ruling." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

On the record before us, Mitchell's appeal fails for several procedural and substantive reasons. For starters, he forfeited any issue relating to the timeliness of his claims by failing to promptly raise the issue in the district court and now on appeal. *See Thomas*, 614 F.3d at 1305; 11th Cir. R. 3-1; *Campbell*, 760 F.3d at 1168; *Irwin*, 40 F.3d at 347 n.1. And for the same reason, he abandoned any

challenge to the denial of his motion for reconsideration under Rule 59(e).  Further, to the extent he raises claims and theories of relief for the first time that he did not present in the district court, we will not consider them.  *Club Madonna Inc.*, 42 F.4th at 1247 n.4; *Access Now, Inc.*, 385 F.3d at 1331; *Finnegan*, 926 F.3d at 1271; *Irving*, 136 F.3d at 769.

But even if Mitchell implicitly preserved challenges to the district court's dismissal order below and on appeal, we conclude that the district court did not err, because: (i) the statute of limitations period for a § 1983 action in Alabama is two years, *Jones*, 876 F.2d at 1482; Ala. Code § 6-2-38; *McNair*, 515 F.3d at 1173, and (ii) the statute of limitations for a federal RICO claim is four years, *Lehman*, 727 F.3d at 1330.  Mitchell's amended complaint, on the other hand, only pertained to events in 2014 and 2015, which occurred well before four years before the initiation of this suit, in 2021.  Moreover, his allegations show that he knew of the alleged wrongs committed by the defendants at the time they occurred, and thus, he had a "complete and present cause of action" that he could have "file[d] suit and obtain[ed] relief" for at the time of the alleged wrongs.  *Wallace*, 549 U.S. at 388; *see also Rozar*, 85 F.3d at 561–62; *Chappell*, 340 F.3d at 1283.

Finally, assuming that a challenge to the district court's denial of Mitchell's post-judgment motions was and is preserved, he merely used these motions to relitigate already-decided issues, re-assert the general premise of his amended complaint, or contest the R&R's general conclusion, so the district court did not abuse its

discretion in denying them. *Sanderlin*, 243 F.3d at 1285; *Michael Linet, Inc.*, 408 F.3d at 763; *PBT Real Estate, LLC*, 988 F.3d at 1287.

Thus, we affirm the judgment of the district court.

**AFFIRMED.**